Nathaniel T. Helman, J.
This is an application pursuant to section 618 of the Insurance Law for leave to bring an action against the Motor Vehicle Accident Indemnification Corporation. The plaintiff, a passenger in a taxicab, alleges that she was alighting from the cab when the operator, without warning and without affording her the opportunity to fully disembark, drove off while her clothes were still in the cab door. As a result she was dragged along the street and sustained personal injuries. The taxi immediately thereafter left the scene before it or the operator could be identified. MVAIC opposes on the ground that the accident does not fall within the purview of section 617 of the Insurance Law in that the injuries resulted from “ physical contact ” with the street and not the vehicle. This contention is completely without merit. The section applies to one who was occupying the vehicle and the word “ occupying ” means in or upon or entering into or alighting from. In the case of Flores v. Motor Vehicle Acc. Ind. Corp. (32 Misc 2d 884, 886) the court said: “ Obviously the latter language embraces a situation where the injured party fell or jumped from a motor vehicle ”. Here the circumstances constitute a stronger case in that it is alleged that the plaintiff did not just fall, but was caused to fall by the negligent acts of the taxicab operator. The respondent’s second point that the petitioner has not shown that every reasonable effort has been made to ascertain the identity of the taxicab and driver cannot be sustained. It is alleged that the accident was reported to the police and a police car attempted to pursue the taxi. The police-aided card is attached to petitioner’s affidavits. Considering that plaintiff was unable to identify either the taxi or its driver, it is reasonable to assume that the steps taken by her sufficiently met the obligations placed upon her under the statute. The petition will be granted.