Estate of PERICO CEPEDA, by ABRAHAM D. LEVY, Public Administrator, et al., Respondents, v. UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent; MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.

First Department, December 9, 1971.

*Patrick J. Hughes* for appellant.

*Harry N. Borsher* of counsel (*Paley, Levy & Borsher,* attorneys), for estate of Perico Cepeda and another, respondents.

*Robert G. Burkhart* of counsel (*Edward L. Milde,* attorney), for United States Fidelity and Guaranty Company, respondent.

STEUER, J. This is a special proceeding to determine which of respondents, an insurance company or Motor Vehicle Accident Indemnification Corporation, is required to arbitrate with the petitioners. The issue in the proceeding is whether at the time of the accident petitioners were passengers in the automobile of the insured. We do not agree with Trial Term's conclusion that they were not.

The facts are not in serious dispute. Petitioners are the estates of persons who were passengers in the automobile of Giron, the insured, as it was proceeding east on the Cross-Bronx Expressway. Giron believed that his car was hit by a car driven by Carey, and both vehicles pulled over to the side of the roadway. Carey maintained that his car had not touched Giron's car, and pointed to the fact, claimed by him, that no marks appeared on the rear of Giron's car, the alleged point of contact. Giron and Carey went to the rear of Giron's car to verify this claim and the decedents got out of the car to join them. It was while they were all in the roadway that another car, later found to have been stolen, sped past, hitting Carey and the decedents and killing the latter instantly.

The question presented by these facts is whether the decedents by stepping out of Giron's car in the manner in which they did ceased to be passengers and hence to have the coverage of Giron's insurance. Not every physical departure from the vehicle results in termination of status as a passenger (*Matter of Allstate Ins. Co.* v. *Flaumenbaum,* 62 Misc 2d 32; *Matter of Shindler* v. *MVAIC,* 41 Misc 2d 590; *Matter of MVAIC* v. *Oppedisano,* 41 Misc 2d 1029). Where the departure is incident to some temporary interruption in the journey of the vehicle, as when there is a mechanical failure and the passenger gets out to help or even to observe the work of the driver, he does not cease to be a passenger (*State-Wide Ins. Co.* v. *Murdock,* 31 A D 2d 978; *Matter of Pagan* [*MVAIC*], 51 Misc 2d 664). The situation here is indistinguishable. Where the passenger alights following some temporary interruption at a place other than his destination, remains in the immediate vicinity of the vehicle and

there is every reason to believe that, had it not been for the accident, he would shortly have resumed his place in the vehicle, his status as a passenger has not changed.

Judgment entered May 1, 1970 (LORETO, J.) should be reversed on the law, stay of arbitration against respondent United States Fidelity and Guaranty Company vacated and stay of arbitration against MVAIC granted, with costs to appellant against respondent United States Fidelity and Guaranty Company.

MARKEWICH, J. P., KUPFERMAN, MURPHY and TILZER, JJ., concur.

Judgment, Supreme Court, Bronx County, entered on or about May 1, 1970, unanimously reversed, on the law, and vacated, the stay of arbitration against respondent United States Fidelity and Guaranty Company vacated and the stay of arbitration against MVAIC granted. Appellant shall recover of defendant-respondent $30 costs and disbursements of this appeal.