Gabrielli, J.
The essential inquiry in this controversy revolves around claimant’s status at the time of an occurrence in which three automobiles were involved. The determination of the issue turns on whether claimant was a pedestrian, or a passenger of one of the vehicles.
The facts are simple and not in dispute. While walking between two autos, claimant was injured when an uninsured vehicle struck one of them, pushing it into her.
Immediately prior to the occurrence, claimant was operating an auto owned by Aileen Hunt and was proceeding to a common destination with a vehicle owned and operated by Marilyn Halm. The Hunt vehicle was insured by respondent Federal Insurance Company (Federal) and the Halm vehicle by appellant Allstate Insurance Company (Allstate). Both vehicles had stopped for *9 a red light, the Halm vehicle coming to rest between five and ten feet to the rear of the Hunt car. At this point claimant, at the request of Miss Halm who desired to complete the journey by driving the Hunt vehiclé, got out of the car and proceeded to walk back to the Halm vehicle. Before reaching it, she realized she had not given the registration to Miss Halm and as she stepped between the two cars to deliver it, a third car struck the Halm vehicle, propelling it into the Hunt car, injuring claimant who was midway between the first two cars.
Recovery against either Federal or Allstate, under accident indemnification endorsements, rests, of course, on claimant’s ability to demonstrate that she was occupying either one of the two vehicles insured by these companies; and, perforce, should she not be able to do so, claimant would be entitled to proceed against MYAIC.
Following a trial in a special proceeding to determine whether claimant was entitled to arbitration against either insurance company under indemnification endorsements or to proceed against MYAIC, Special Term entered an order staying arbitration against Allstate and Federal, and granted claimant leave to proceed against MYAIC, as a“ qualified ” person.
On the theory ‘ ‘ that the claimant had sufficiently made out her connection with the Halm car to establish her status as a passenger in that car ”, the Appellate Division modified the judgment by permitting arbitration against Allstate (Halm) and staying arbitration against MYAIC. We do not agree.
In order for claimant to he able to proceed against the insurer for either the Hunt or Halm vehicle under the automobile acci- • dent indemnification endorsement applying to these cars, she was required to be an “ insured ” as provided by section 167 (subd. 2-a) of the Insurance Law[1]. Such an endorsement was made a part of the policies insuring each of the cars.
*10 The Legislature in enacting article 17-A of the Insurance Law set up the mutually exclusive categories of “ insured ” persons and “ qualified person[s] (Insurance Law, § 601, subds. b, i; Matter of Knickerbocker Ins. Co. [Faison], 22 N Y 2d 554, 558, cert. den. 393 U. S. 1055.) If it "should be determined that claimant was not an “ insured ”, she would then be permitted to proceed against MVAIC as a “qualified person”[2], pursuant to article 17-A of the Insurance Law. Simply stated, our task is to determine (1) whether claimant was “ occupying ” either vehicle in order to permit arbitration against either carrier, or (2) whether she was a “qualified person ”, permitting a claim against MVAIC.
This is a matter of first impression in this court. The deci-. sions below have either been conflicting or, at least, not dispositive of the principal question.presented by this case. (Compare Fischer v. Aetna Ins. Co., 65 Misc 2d 191, affd. 37 A D 2d 917, with Estate of Cepeda v. United States Fid. & Guar. Co., 37 A D 2d 454; State-Wide Ins. Co. v. Murdock, 31 A D 2d 978, affd. 25 N Y 2d 674; Matter of Allstate Ins. Co. v. Flaumenbaum, 62 Misc 2d 32; Matter of MVAIC v. Oppedisano, 41 Misc 2d 1029; and Matter of Shindler v. MVAIC, 41 Misc 2d 590.)
Addressing our attention to claimant’s status with the Hunt vehicle, we conclude that she was not an occupant or passenger in this vehicle, from which she had just alighted. Upon the facts in this case she could not be so considered for she had ceased any connection-with that car. When she alighted from the Hunt car, claimant’s activities .were no longer related to that vehicle, in any way. To the extent only that claimant had just left the Hunt vehicle, we note similarity with the factual background in Estate of Cepeda v. United States Fid. & Guar. Co. (37 A D 2d 454, supra) wherein the status of a passenger continued despite a departure from the vehicle, a departure which was brief and did not extend beyond the immediate vicinity of the car. There, however; the claimant had every intention to return to the car. Where a departure from a vehicle is occasioned" by or is incident to some temporary interruption in the journey and the *11 occupant remains in the immediate vicinity of the vehicle and, upon completion of the objective occasioned by the brief interruption, he intends to resume his place in the vehicle, he does not cease to be a passenger (Estate of Cepeda v. United States Fid. & Guar. Co., supra; State-Wide Ins. Co. v. Murdock, 31 A D 2d 978, affd. 25 N Y 2d 674, supra). Concededly, in the present case, claimant’s intent was not to return to the car in which she had been traveling and she had, for all intents and purposes, severed her connection with it. In these circumstances, Cepeda cannot provide a predicate for a holding that claimant was still occupying the first car. Her express intent was to enter another car. Had the accident not occurred, claimant would have completed her journey with no further connection with the car from which she had alighted.
We depart, however, from the holding of the majority of the Appellate Division that since the claimant was on her way to enter the nearby Halm car (an intent which was frustrated by the accident) and since the two cars were on a single expedition, that she, therefore, had become a passenger of that car. Except for being struck by the Halm vehicle, her only actual connection with it was her interrupted intention to enter it.
As noted in Cepeda the status of passenger is not lost even though he is not in physical contact with it, provided there has been no severance of connection with it, his departure is brief and he is still vehicle-oriented with the same vehicle. While we agree with the holding in Cepeda, we may not, in converse, go so far as to say that one is considered to be occupying a car if he is merely approaching it with intent to enter; nor, in fact may such a status be created if the vehicle he is about to enter is part of a common expedition of two vehicles, for up to this point, insofar as the second vehicle is concerned, it cannot be said he was vehicle-oriented. More than a mere intent to occupy a vehicle is required to alter the status of pedestrian to one of “ occupying” it; and this is particularly so where there has been no previous passenger-oriented status. Upon the facts in this case, a designation of “ occupying ” the Halm vehicle by claimant would be void of any clear and justifiable basis.
In short, claimant was not “ occupying ” either vehicle at the time of the accident. But claimant’s inability to proceed against *12 the insurer of either of these vehicles does not bar her from recovery. The Legislature has effectively filled the void in the applicable insurance coverage by enacting article 17-A of the Insurance Law ánd stating, as its purpose and intent, to “ closing such gaps in the motor vehicle financial security act through the incorporation and operation of the motor vehicle accident indemnification corporation” (Insurance Law, § 600, subd. [2]). It being established that.she was not an “insured” (Insurance Law, § 167, subd. 2-a), claimant, in these circumstances, is recognized as a “qualified person ” and is eligible to proceed against MVAIC (Insurance Law, § 601, subd. b).
The order of the Appellate Division should be reversed and the judgment of Special Term should be reinstated.
Chief Judge Fuld and Judges Btebke, Jasen, Jones and Wachtler concur; Judge Breitel taking no part.
Order reversed, without costs, and judgment of Special Term reinstated.

. The standard New York automobile accident indemnification endorsement, required by section 167 (subd. 2-a) of the Insurance Law, defines “ insured ” as follows:
“ Insured. The unqualified word ‘ insured ’ means: (1) the named insured and, while residents of the same household, his spouse and the relatives of either; (2) any other person while occupying (i) an automobile owned by the named insured * * *
“ Occupying. The word ‘ occupying ’ means in or upon or entering into or alighting from.”

. Section 601 (snbd. b) of the Insurance Law, defines'-an eligible claimant as follows: Qualified person ’ means (1) a resident of this state, other than an insured or the owner of an uninsured motor vehicle and his spouse when a passenger in such vehicle, or his legal representative ”,