In the Matter of JOHN SAUNDERSON, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant. In the Matter of the Arbitration between ALLCITY INSURANCE COMPANY, Respondent, and JOHN SAUNDERSON, Respondent.—In consolidated proceedings, the first of which, pursuant to section 618 of the Insurance Law, is for permission to bring an action against the Motor Vehicle Accident Indemnification Corporation (MVAIC), and the second of which seeks to stay arbitration, MVAIC appeals from an order of the Supreme Court, Kings County, dated March 16, 1976, which, after a hearing, (1) granted the application of petitioner John Saunderson for leave to commence an action against appellant MVAIC in the first above-captioned proceeding and (2) granted the application of petitioner Allcity Insurance Company for a stay of all arbitration proceedings attempted to be had between it and John Saunderson, the respondent in the second above-captioned proceeding. Order affirmed, with one bill of costs jointly to respondents appearing separately and filing separate briefs. Petitioner Saunderson has the status of a "qualified person" under subdivision b of section 601 of the Insurance Law, and is not an "insured" since he was not occupying an insured vehicle at the time of the accident. Although he intended to re-enter the vehicle, driven by a friend, after he finished shopping, he severed his connection with the vehicle upon alighting therefrom to perform a chore which was not vehicle-oriented (see *Fischer v Aetna Ins. Co.,* 65 Misc 2d 191, affd 37 AD2d 917; see, also, *Matter of Rice v Allstate Ins. Co.,* 32 NY2d 6). Further, the accident was reported to the police as soon as was reasonably possible under the circumstances. Latham, Acting P. J., Margett, Rabin, Titone and Hawkins, JJ., concur.

In the Matter of ROBERT SOSSI, Appellant, v NASSAU COUNTY CIVIL SERVICE COMMISSION et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review respondent's regulation which requires recognition of training bureau time by a college or university prior to the granting of such time for promotional purposes, petitioner appeals from a judgment of the Supreme Court, Nassau County, entered January 19, 1976, which (1) adjudged the said regulation valid and neither arbitrary nor capricious and (2) dismissed the petition on the merits. Judgment affirmed, with $50 costs and disbursements. We believe that respondent's policy to deny additional credits on civil service promotion examinations for training bureau time not approved by a college or university has a rational basis and purpose, and that it is neither arbitrary nor capricious. The grant of such credits would be based upon the dubious assumption that police training courses are the equivalent of such courses taught within a college or university, or accredited by them, as a normal part of their curricula. To deny such credits, therefore, is both reasonable and conducive to a higher standard of police efficiency, a goal which is both worthy and commendable. Martuscello, Acting P. J., Latham, Margett, Damiani and Titone, JJ., concur.