OPINION OF THE COURT
Joseph Slavin, J.
Pursuant to an order of this court dated September 2, 1977, the application to permanently stay arbitration was granted to the extent of directing a trial "of the preliminary issue as *201 to insurance coverage of the offending vehicles and all related issues.” The Motor Vehicle Accident and Indemnity Corp (MVAIC) was added as a party respondent. A companion motion for summary judgment dismissing any claims against an "offending vehicle”, was made by the owner of that vehicle, one Robert Bibb and his insurance carrier Nationwide Mutual Insurance Company (hereafter Nationwide), was likewise referred to the trial court for determination.
The facts are as follows: A Ms. Peligrina Ortiz was the owner of a 1968 Dodge Charger automobile, insured by Aetna Insurance Company. She had, prior to January 19, 1976 lent the car to her cousin, Jose Espinosa. He had lawful possession and permission to use the auto. Shortly prior to 6:45 p.m. on that January evening, he drove the auto from his home, then at 493 Lincoln Place, some 10 or 11 blocks to the Ortiz home at 1455 St. John’s Place, here in Brooklyn. His claimed intention was to visit for a while with her and then leave. He testified to the route of travel, arriving at St. John’s Place (a two-way street) between Utica and Rochester Avenues and parked the car on the right-hand side of the street, using the direction of going toward Rochester from Utica as the frame of reference. He parked near the middle of the. block, closer to the Utica Avenue intersection of that block. From the point where he parked, the Ortiz residence building was "almost across the street, maybe a little more to the back of the car”, which means that it would be to his left upon exiting from the car. Upon parking, he turned off the headlights, turned off the motor and removed the ignition key. Exiting from the car, he closed the door and walked to the right, close to the car, about two or three feet toward the front of the car. It was here that he was struck from the rear by another car and fell onto his car over the front wheel area.
At that point he "saw” the plate number of the offending vehicle which did not stop at all.
Thereafter, Mr. Espinosa traced the ownership based on the plate number. A personal injury claim was presented to this Mr. Bibb, the owner, and to his insurance carrier, Nationwide. An action was instituted. Mr. Espinosa put his claim into arbitration after Nationwide, on behalf of Mr. Bibb, denied the claim. In the arbitration proceeding testimony was taken. The arbitrator found that Espinosa failed to establish that the Bibb auto was the one that struck him.
There followed a claim against Aetna on the theory that *202 Espinosa was a user and/or operator of the Ortiz auto and as such entitled to section 672 of the Insurance Law payments. Arbitration was demanded.
Aetna now moved to permanently stay arbitration. The previously mentioned order resulted.
Before me, the issue therefore, is whether Mr. Espinosa was a person using or occupying the Ortiz vehicle at the time he was struck by another vehicle. Testimony was taken on such issue.
At the opening of the trial, Mr. Espinosa discontinued his action and withdrew any and all claims as against Bibb and Nationwide. We therefore need not do more in relation to the motion for summary judgment in the Espinosa v Bibb matter.
Both Espinosa and MVAIC moved to deny a permanent stay —and in effect find that he was a user or occupant, with Aetna urging the opposite result.
It is the contention of both Espinosa and MVAIC that the "intent” of the claimant as he physically gets out of the auto is the crucial element in determining whether the person is still a user or occupant when injured. It is Espinosa’s claim that since he intended to go across the street and visit with his cousin for a short time, that he was only making a temporary stop and not to permanently park his vehicle.
While the Court of Appeals in Matter of Rice v Allstate Ins. Co. (32 NY2d 6, 10-11) wrote that "[w]here a departure from a vehicle is occasioned by or is incident to some temporary interruption in the journey and the occupant remains in the immediate vicinity of the vehicle and, upon completion of the objective occasioned by the brief interruption, he intends to resume his place in the vehicle, he does not cease to be a passenger”, we must look at the factual pattern in that case and the others which preceded this Rice decision and those coming after it. In each case where the claimant was determined to be a passenger within the intent of the statute, there was a situation where the person was "still vehicle-oriented, as opposed to highway-oriented.” (Matter of Allstate Ins. Co. v Flaumenbaum, 62 Misc 2d 32, 46.)
Here there was no claim of possible contact with another car or mechanical failure (Estate of Cepeda v United States Fid. & Guar. Co., 37 AD2d 454; State-Wide Ins. Co. v Murdock, 31 AD2d 978) or that the auto went off the road (Matter of MVAIC v Oppedisano, 41 Misc 2d 1029). The mere fact that *203 the claimant was in close proximity to the vehicle is not sufficient to make him a user, nor is his intention to return to the car after his nonvehicle related leaving the car sufficient (Thomas v Travelers Ins. Co., 87 Misc 2d 136).
Accordingly, I find, on the facts here presented, that Jose Espinosa was not an occupant or user of the Ortiz vehicle at the time he was injured.
The mere fact that his intention was to return to use the automobile to continue his travels, after the visit is not sufficient to come within the scope of the Rice case. If we adopt the claimant’s view, then no person can ever cease to be a user if his intent is to at some future time, use the auto again. We would then have to determine what time element is to be the cut-off point on the time of the intent to return. Are four or five minutes (as were claimed) sufficient? It is my opinion that the "intent” to leave the auto must have some connection with the continued driving of the vehicle as distinguished from a parking of the auto to go elsewhere.
The application by Aetna Insurance Company for an order to vacate the notice of arbitration and to permanently stay arbitration as between them is granted. The claimant may pursue such remedies as he may have, if any, as against MVAIC.
Settle judgment on notice to both respondents. A separate order in the Espinosa v Bibb matter may be settled, if the attorneys see fit.