■ In the Matter of STATE FARM AUTOMOBILE INSURANCE COMPANY, Respondent, v JOHN ANTUNOVICH et al., Appellants. —In a proceeding pursuant to CPLR article 75 to stay arbitration, John Antunovich and Fuska Antunovich appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Kassoff, J.), dated November 28, 1988, as (1) granted the petition to the extent of permanently staying arbitration of John Antunovich's underinsurance motorist claim under an insurance policy issued to Kantrida Contracting, Inc., and (2) in effect, denied their cross motion to dismiss the petition.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

On April 28, 1987, John Antunovich was seriously injured when he was hit by a vehicle owned and operated by Louis Bloise. At the time of the accident, Antunovich had just finished a repair job, deposited his tools in the back of a van owned by his employer, Kantrida Contracting, Inc., a construction company which he co-owned, and was walking around the van to the driver's door. The Bloise vehicle was covered by an insurance policy in the amount of $10,000, which amount was tendered to Antunovich. Antunovich and his wife Fuska then made claims under two separate insurance policies issued by State Farm Automobile Insurance Company (hereinafter State Farm); one policy was issued to Kantrida Contracting, Inc. (hereinafter the Kantrida policy) and the other to Antunovich's wife (hereinafter the Antunovich policy), and each provided for underinsurance in the amount of $100,000.

Some time thereafter the Antunovichs served State Farm with a demand for arbitration, whereupon State Farm commenced the instant proceeding, *inter alia,* to permanently stay arbitration under the Kantrida policy. While conceding coverage under the Antunovich policy, State Farm argued that it was not liable under the Kantrida policy on two grounds: (1) John Antunovich was not "occupying" the Kantrida vehicle when he was injured and therefore is not an insured under the terms of the policy, and (2) under the terms of the Kantrida policy the Antunovichs could not "stack" the coverage of the two policies so as to provide for an aggregate of $200,000 in coverage. The Supreme Court agreed with both of State Farm's contentions and granted the petition to the

extent of staying arbitration under the Kantrida policy. The court also denied the Antunovichs' cross motion to dismiss the petition and this appeal ensued.

Under the terms of the Kantrida policy, Antunovich would qualify as an insured for the purposes at issue if he was occupying the van owned by Kantrida when he was injured. The term "occupying" is defined by the Kantrida policy as "in, on, entering or alighting from" the insured vehicle (see, Insurance Law § 3420 [f] [3]). Contrary to the appellants' contention, Antunovich cannot be deemed to have been entering the van at the time he was injured merely because he was walking toward the door on the driver's side with the intent to enter the vehicle. "More than a mere intent to occupy a vehicle is required to alter the status of pedestrian to one of 'occupying' it" (Matter of Rice v Allstate Ins. Co., 32 NY2d 6, 11; Matter of Saunderson v MVAIC, 54 AD2d 936). In this regard we note that Antunovich had not yet reached the concededly locked driver's side door of the van when he was struck. Moreover, unlike the situation in many of the cases relied upon by the appellants, Antunovich's departure from the van was not "incident to some temporary interruption in the journey of the vehicle" such that his original occupancy of the van could be deemed continuing in nature (Estate of Cepeda v United States Fid. & Guar. Co., 37 AD2d 454, 455; State-Wide Ins. Co. v Murdock, 31 AD2d 978, affd 25 NY2d 674; Matter of Allstate Ins. Co. v Flaumenbaum, 62 Misc 2d 32).

In light of the foregoing, we need not reach the issue of whether the appellants are precluded by the terms of the Kantrida policy from recovering the aggregate of the underinsurance coverage afforded by the two State Farm policies. Thompson, J. P., Brown, Kunzeman and Harwood, JJ., concur.