■ In the Matter of TRAVELERS INSURANCE COMPANY, Respondent, v ELAINE WRIGHT, Appellant. [609 NYS2d 642] —In a proceeding pursuant to CPLR article 75 to stay arbitration, the appeal is from an order of the Supreme Court, Westchester County (Nicolai, J.), entered June 19, 1992, which granted the application.

Ordered that the order is affirmed, with costs.

The uncontroverted facts of this case are that the appellant's car broke down on Route 9 in Tarrytown, New York and, with assistance, she moved the car out of traffic and parked it. The appellant went to a nearby restaurant to telephone for help. When she was unable to reach anyone, she returned to the car, gathered her belongings and left the car to go home. While crossing Route 9, she was struck by another car and injured. The appellant concedes that she was not a member of the policyholders' household at the time. Therefore, the sole issue before the Supreme Court was whether the appellant was an "occupant" of the car within the meaning of the policy at the time of the accident.

We agree with the Supreme Court that the appellant was not an occupant of the car within the coverage of the policy. Under the terms of the policy at issue, the appellant would qualify as an insured if she was occupying the car when she was injured. The term "occupying" is defined by the policy as "in or upon or entering into or alighting from" the insured vehicle *(see also,* Insurance Law § 3420 [f] [3]). Contrary to the appellant's contention, she cannot be deemed to have been occupying the car merely because she was on her way home with the intent to return and enter the vehicle *(see, Matter of State Farm Auto. Ins. Co. v Antunovich,* 160 AD2d 1009, 1010). "More than a mere intent to occupy a vehicle is required to alter the status of pedestrian to one of 'occupying' it" *(Matter of Rice v Allstate Ins. Co.,* 32 NY2d 6, 11). In this regard we note that the appellant was walking *away* from the car when she was struck *(see, Matter of State Farm Auto. Ins. Co. v Antunovich, supra,* at 1010). Moreover, a review of the record discloses that the appellant's departure from the car

was not " 'incident to some temporary interruption in the journey of the vehicle' " such that her original occupancy of the car could be deemed continuing in nature *(Matter of State Farm Auto. Ins. Co. v Antunovich, supra,* at 1010, quoting *Estate of Cepeda v United States Fid. & Guar. Co.,* 37 AD2d 454, 455). Therefore, contrary to the appellant's contention, it was not necessary for the court to hold an evidentiary hearing to ascertain her intent at the time she was injured. Sullivan, J. P., Miller, Joy and Friedmann, JJ., concur.