■ In the Matter of COREGIS INSURANCE COMPANY, Appellant, v KEVIN A. McQUADE et al., Respondents. [779 NYS2d 497]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an underinsured motorist claim, the petitioner appeals from an order of the Supreme Court, Westchester County (Dillon, J.), entered October 31, 2003, which denied the petition.

Ordered that the order is reversed, on the law, with costs, the petition is granted, and the arbitration is permanently stayed.

On July 19, 2002, the respondent Kevin A. McQuade, a sani-

tation worker, was injured when he was hit by an underinsured vehicle while waiting near the curb for his sanitation truck to return and pick up the residential garbage he had collected. The Supreme Court determined that at the time of the accident, McQuade was "occupying the sanitation truck" within the meaning of the supplementary underinsured motorists endorsement (hereinafter SUM) of the policy at issue. Under the SUM endorsement, McQuade qualified as an insured if he was "occupying the sanitation truck" when he was injured. The term "occupying" is defined in the policy as "in, upon, entering into, or exiting from" the insured vehicle. While McQuade intended to return to the truck, his departure from it was not "incident to some temporary interruption in the journey of the vehicle" such that his original occupancy of the truck could be deemed continuing in nature (*Matter of Rice v Allstate Ins. Co.,* 32 NY2d 6, 11-12 [1973]; *see Matter of Martinez,* 295 AD2d 277 [2002]; *Matter of Travelers Ins. Co. v Wright,* 202 AD2d 680 [1994]; *Matter of State Farm Auto. Ins. Co. v Antunovich,* 160 AD2d 1009 [1990]). Moreover, at the time of the accident McQuade was not in the immediate vicinity of the truck which was between one and four blocks away (*see Matter of Rice v Allstate Ins. Co., supra*). Nor can McQuade be deemed to have been entering the truck at the time he was injured merely because he was waiting for it to arrive (*see Matter of State Farm Auto. Ins. Co. v Antunovich, supra*).

Since McQuade was not occupying the sanitation truck at the time of the accident, he did not qualify as an insured for purposes of the SUM endorsement (*see Matter of Martinez, supra*). Thus, the Supreme Court should have granted the petition and permanently stayed arbitration. Santucci, J.P., Smith, Luciano and Adams, JJ., concur.