■ In the Matter of CONTINENTAL CASUALTY COMPANY, Appellant, v TIBOR LECEI, Respondent. [885 NYS2d 285]—Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered June 4, 2009, which denied petitioner's motion to reject the Special Referee's report that at the time of the accident re-

spondent was "occupying" his employer's vehicle within the meaning of the supplemental underinsured motorist provision of the employer's insurance policy, granted respondent's motion to confirm the report, and dismissed the petition to stay arbitration, unanimously affirmed, with costs.

The Special Referee's finding that respondent was "occupying" the truck within the meaning of the policy is substantiated by respondent's testimony that he was alighting from the truck when he was struck by a passing motorist. Contrary to petitioner's contention, the evidence supports the conclusion that respondent was "still vehicle-oriented" at the time he was injured (*see Matter of Rice v Allstate Ins. Co.*, 32 NY2d 6, 11 [1973]). There is no basis to disturb the Special Referee's credibility findings regarding the hearing testimony and prior inconsistent statements of respondent's coworker (*see Kardanis v Velis*, 90 AD2d 727, 727 [1982]). Concur—Gonzalez, P.J., Andrias, Catterson and Acosta, JJ. [*See* 2009 NY Slip Op 31009(U).]