■ JESUS ROSADO et al., Respondents-Appellants, v HARTFORD FIRE INSURANCE Co., Appellant-Respondent. [897 NYS2d 173]—

In an action to recover underinsured motorist benefits, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Martin, J.), dated August 18, 2008, as denied its motion for summary judgment dismissing the complaint, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their cross motion which was, in effect, for summary judgment on the issue of liability on the first cause of action.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, and that branch of the plaintiffs' cross motion which was, in effect, for summary judgment on the issue of liability on the first cause of action is granted; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The plaintiff Jesus Rosado (hereinafter the injured plaintiff) allegedly was struck by a box truck while standing outside of his delivery truck. At the time of the accident, the injured plaintiff was standing with his feet on the pavement, reaching with his hands into a side bay of the delivery truck to rearrange empty cases of beer. When the box truck hit the plaintiff, it pushed him approximately 10 to 12 feet, pinning him between his delivery truck and the box truck, until he came to a stop against the first side bay of the truck on the driver's side.

The insurance carrier for the box truck, Countrywide Insur-

ance, thereafter tendered to the injured plaintiff the full policy amount of $25,000. In lieu of filing a demand for arbitration, the plaintiffs commenced the instant action to recover underinsured motorist benefits under the Supplementary Uninsured/Underinsured Motorist (hereinafter SUM) endorsement of the insurance policy issued by the defendant Hartford Fire Insurance Co. to the injured plaintiff's employer, Windmill Distributing Company, LP, doing business as Phoenix Beverages, Inc. Under the SUM endorsement, the defendant provided underinsured motorist benefits up to the sum of $1,000,000 to the "insured" and "[a]ny other person . . . occupying . . . a motor vehicle insured for SUM under this policy." The SUM endorsement of the defendant's policy, consistent with the statutory requirement, defines "occupying" as "in, upon, entering into, or exiting from a motor vehicle" (*see* Insurance Law § 3420 [f] [3]).

In accordance with the liberal interpretation afforded the term "occupying" (*see Rowell v Utica Mut. Ins. Co.*, 77 NY2d 636, 639 [1991]), we find, as a matter of law, that the injured plaintiff was "in" or "upon" the delivery truck at the time of the accident such that he was "occupying" the delivery truck within the meaning of the SUM endorsement (*cf. Matter of Rice v Allstate Ins. Co.*, 32 NY2d 6, 11 [1973]; *Matter of Travelers Prop. Cas. Co. v Landau*, 27 AD3d 477 [2006]; *Matter of Travelers Ins. Co. [Youdas]*, 13 AD3d 1044 [2004]; *Matter of Coregis Ins. Co. v McQuade*, 7 AD3d 794 [2004]; *Matter of Travelers Ins. Co. v Wright*, 202 AD2d 680 [1994]; *Matter of State Farm Auto. Ins. Co. v Antunovich*, 160 AD2d 1009 [1990]).

Accordingly, the Supreme Court erred in denying that branch of the plaintiffs' cross motion which was, in effect, for summary judgment on the issue of liability on the first cause of action. For the same reasons, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Dickerson, Belen and Roman, JJ., concur. **[Prior Case History: 21 Misc 3d 1102(A), 2008 NY Slip Op 51912(U).]**