■ In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant, v PETER NAKHLA, Respondent. PSK HACKING CORP. et al., Proposed Respondents. [32 NYS3d 614]—

In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County (Raffaele, J.), entered July 8, 2015, as granted that branch of the petition which was to join PSK Hacking Corp., EKAM Transportation, and American Transit Insurance Company as additional respondents to the proceeding only to the extent of joining them as parties to the arbitration, denied that branch of the petition which was to permanently stay arbitration, and, in effect, denied that branch of the petition which was to temporarily stay arbitration pending a hearing on the issue of the relative liability of the petitioner and American Transit Insurance Company.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, those branches of the petition which were to join PSK Hacking Corp., EKAM Transportation, and American Transit Insurance Company as additional respondents to the proceeding and to temporarily stay arbitration pending a hearing on the relative liability of the petitioner and American Transit Insurance Company are granted, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

On July 17, 2012, Peter Nakhla was driving a taxicab owned by PSK Hacking Corp., registered to EKAM Transportation, and insured by American Transit Insurance Company (hereinafter American Transit). Nakhla was stopped at an intersection when another vehicle struck the taxicab in the rear. When Nakhla exited the taxicab to look for damage to the taxicab, the offending vehicle drove away and collided with Nakhla, who was now outside the taxicab. The offending vehicle left the scene and is unidentified.

On the date of the accident, the petitioner, Government Employees Insurance Company (hereinafter GEICO), insured Nakhla's personal vehicle pursuant to a policy with personal injury limits of $25,000 per person and $50,000 per occurrence, and supplementary uninsured motorist (hereinafter SUM) coverage of $25,000 per person and $50,000 per occurrence. Following the accident, Nakhla claimed uninsured benefits from GEICO for injuries incurred in the second impact, contending that when the second impact occurred, he was a pedestrian rather than an occupant of the taxicab insured by American Transit. Nakhla subsequently demanded arbitration of his uninsured motorist claim.

GEICO petitioned, inter alia, to permanently stay arbitration, relying on the priority of coverage provision of its policy, which included an anti-stacking clause. The GEICO policy provided in relevant part that if Nakhla was entitled to uninsured motorist or SUM benefits under more than one policy, "the maximum amount such insured may recover shall not exceed the highest limit of such coverage for any one vehicle under any one policy," and that the policy covering the vehicle "occupied by the injured person" would be applied first. GEICO argued that Nakhla was an occupant of the taxicab during both impacts and, therefore, he would have to seek coverage first from the insurer of the taxicab—American Transit. According to GEICO, coverage under its policy would only be payable if "it *exceeds* the coverage of a higher priority policy"—in this case the policy of American Transit. In the alternative,

GEICO sought a temporary stay of arbitration pending a hearing on the issue of whether American Transit provided primary coverage, and the relative liability of the two insurance companies. GEICO also asked the Supreme Court to join PSK Hacking Corp. and EKAM Transportation as additional respondents to the proceeding so that the hearing on priority of coverage and the relative liability of the two insurance companies could proceed.

In the judgment appealed from, the Supreme Court, inter alia, denied that branch of the petition which was to permanently stay the arbitration and, in effect, denied that branch of the petition which was to temporarily stay the arbitration pending a hearing on the issue of priority of coverage and the relative liability of GEICO and American Transit. The court also determined that American Transit, PSK Hacking Corp., and EKAM Transportation were "necessary parties to the arbitration" and "grant[ed] petitioner's application to add them as necessary parties to the arbitration."

Although Nakhla's personal vehicle was not involved in the accident, Nakhla qualified for SUM coverage under the GEICO policy insuring his personal vehicle under the provision which provides coverage for the named insured. However, the priority of coverage provision in GEICO's policy provided that the uninsured motorist or SUM coverage, if any, under the policy insuring the vehicle occupied by him was to be applied first, and prohibited the stacking of policies.

Thus, the crucial issue of fact in this case is whether Nakhla occupied his taxicab at the time of the second impact and, therefore, whether the policy limits of American Transit, which insured the taxicab, should be applied first. GEICO's policy defines "occupying" as "in, upon, entering into, or exiting from a motor vehicle"—a definition taken from Insurance Law § 3420 (f) (3), which defines occupying as "in or upon or entering into or alighting from" a vehicle. The question is whether "a departure from a vehicle is occasioned by or is incident to some temporary interruption in the journey and the occupant remains in the immediate vicinity of the vehicle and, upon completion of the objective occasioned by the brief interruption, he intends to resume his place in the vehicle" (*Matter of Rice v Allstate Ins. Co.*, 32 NY2d 6, 10-11 [1973]). Here, GEICO established that Nakhla was an occupant of the taxicab at the time of the second impact through the submission of Nakhla's examination under oath testimony, which indicated that he alighted from the taxicab after the first impact to determine whether it had been damaged (*see Matter of Nassau Ins. Co.*

*[Maylou]*, 103 AD2d 780 [1984]; *Estate of Cepeda v United States Fid. & Guar. Co.*, 37 AD2d 454, 455 [1971]; *State-Wide Ins. Co. v Murdock*, 31 AD2d 978 [1969], *affd* 25 NY2d 674 [1969]). Accordingly, under the priority of coverage provision of the GEICO policy, and 11 NYCRR 60-2.3 (f), any SUM coverage under the American Transit policy must be applied first.

However, under the anti-stacking clause of the GEICO policy, "the maximum amount such insured may recover shall not exceed the highest limit of such coverage for any one vehicle under any one policy" (*see Matter of Met Life Auto & Home v Leonorovitz*, 24 AD3d 675, 676 [2005]). Since American Transit and its insureds were not parties to this proceeding, we do not have the actual terms of the American Transit policy before us. Thus, we cannot make a determination as to the existence of uninsured motorist or SUM coverage under American Transit's higher priority policy and whether the coverage available under the GEICO policy exceeded any such coverage. Therefore, the matter must be remitted to the Supreme Court, Queens County, for a determination of the relative liability of GEICO and American Transit, after PSK Hacking Corp., EKAM Transportation, and American Transit are joined as additional respondents to the proceeding, and for a new determination thereafter on the remaining branches of the petition. Leventhal, J.P., Roman, Hinds-Radix and Brathwaite Nelson, JJ., concur.