■ J. LAWRENCE CONSTRUCTION CORP. et al., Respondents-Appellants, v REPUBLIC FRANKLIN INSURANCE COMPANY, Appellant-Respondent. [43 NYS3d 452]—

In an action for a judgment declaring that the defendant is obligated to provide supplementary uninsured/underinsured motorist benefits to the plaintiff Lawrence Bosco, and to recover damages for breach of an insurance contract, (1) the defendant appeals from an order of the Supreme Court, Kings County (Baynes, J.), dated May 21, 2015, which denied its motion for summary judgment, in effect, declaring that it is not obligated to provide supplementary uninsured/underinsured motorist benefits to the plaintiff Lawrence Bosco and dismissing the cause of action to recover damages for breach of contract, and (2) the plaintiffs appeal from an order of the same court, also dated May 21, 2015, which denied their motion for summary judgment declaring that the defendant was obligated to provide supplementary uninsured/underinsured motorist benefits to the plaintiff Lawrence Bosco and on the issue of liability on the cause of action to recover damages for breach of contract.

Ordered that the first order dated May 21, 2015, is reversed, on the law, and the defendant's motion for summary judgment, in effect, declaring that it is not obligated to provide supplementary uninsured/underinsured motorist benefits to the plaintiff Lawrence Bosco and dismissing the second cause of action is granted; and it is further,

Ordered that the second order dated May 21, 2015, is affirmed; and it is further,

Ordered that the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the defendant is not obligated to provide supplementary uninsured/underinsured motorist benefits to the plaintiff Lawrence Bosco; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff Lawrence Bosco testified at his deposition that on the morning of December 5, 2011, he drove a vehicle (hereinafter the insured vehicle) leased by his employer, the plaintiff J. Lawrence Construction Corp. (hereinafter JLC), from his home to JLC's office on 17th Street, in Brooklyn. Bosco parked the insured vehicle across the street from JLC's office, exited the insured vehicle, and locked it. Bosco then went into JLC's office, retrieved from his desk certain documentation he needed for a 9:30 a.m. meeting in Manhattan, and proceeded back to the insured vehicle. As Bosco crossed the street, he remotely unlocked the insured vehicle with his key fob. When he was "half a step" away from the insured vehicle and reaching for door handle of the passenger door, he was struck by a vehicle driven by nonparty Eric Pakula.

The insured vehicle was covered under a policy of insurance JLC had obtained from the defendant, Republic Franklin Insurance Company (hereinafter Republic). The policy contained a supplementary uninsured/underinsured motorist (hereinafter SUM) endorsement, which provided coverage to any person who was "occupying" the insured vehicle. The term "occupying" was defined in the SUM endorsement as "in, upon, entering into, or exiting from a motor vehicle" (see Insurance Law § 3420 [f] [3]). Bosco submitted a claim for SUM benefits to Republic, and Republic denied Bosco's claim, contending that Bosco was a pedestrian and not occupying the insured vehicle at the time of the accident.

JLC and Bosco commenced this action against Republic for a judgment declaring that Republic was obligated to pay SUM benefits to Bosco under the subject policy, and to recover damages for breach of the insurance contract. Republic moved for summary judgment, in effect, declaring that it is not obligated to provide supplementary uninsured/underinsured motorist benefits to Bosco and dismissing the second cause of action, and the plaintiffs separately moved for summary judgment declaring that Republic was obligated to provide SUM benefits to Bosco and on the issue of liability on the second cause of action. In separate orders, the Supreme Court denied both motions.

A person remains an occupant of a vehicle, even if that person is not in physical contact with the vehicle, "provided there has been no severance of connection with it, his [or her] departure is brief and he [or she] is still vehicle-oriented with the same vehicle" (*Matter of Rice v Allstate Ins. Co.*, 32 NY2d 6, 11-12 [1973]; *see Matter of Coregis Ins. Co. v McQuade*, 7 AD3d 794, 795 [2004]; *Matter of Travelers Ins. Co. v Wright*, 202 AD2d 680 [1994]). A connection to a vehicle will be severed "upon alighting therefrom to perform a chore which was not vehicle-oriented" (*Matter of Saunderson v Motor Veh. Acc. Indem. Corp.*, 54 AD2d 936, 936 [1976]).

Moreover, there has to be "[m]ore than a mere intent to occupy a vehicle . . . to alter the status of pedestrian to one of 'occupying' it" (*Matter of Rice v Allstate Ins. Co.*, 32 NY2d at 11; *see Matter of State Farm Auto. Ins. Co. v Antunovich*, 160 AD2d 1009, 1010 [1990]; *Matter of Saunderson v Motor Veh. Acc. Indem. Corp.*, 54 AD2d at 936). "[O]ne is [not] considered to be occupying a car if he is merely approaching it with intent to enter" (*Matter of Rice v Allstate Ins. Co.*, 32 NY2d at 11).

Here, Republic met its prima facie burden of establishing, as a matter of law, that Bosco was not occupying the insured vehicle at the time of the accident (*see Matter of Rice v Allstate Ins. Co.*, 32 NY2d at 11; *Matter of State Farm Auto. Ins. Co. v Antunovich*, 160 AD2d at 1010). The evidence Republic submitted demonstrated that Bosco left the insured vehicle and walked across the street to go to his office on the second floor of the building, to retrieve documents. Thus, Bosco's leaving the insured vehicle was not a temporary break in his journey such that he remained in the immediate vicinity of the insured vehicle (*see Matter of Rice v Allstate Ins. Co.*, 32 NY2d at 10-11; *cf. Matter of Government Empls. Ins. Co. v Nakhla*, 140 AD3d 762, 764 [2016]). Moreover, the evidence demonstrated that the accident occurred as Bosco was walking back across the street, and that he had yet to reach the insured vehicle. The evidence therefore showed that Bosco had a mere intent to enter the insured vehicle and was not an occupant of the insured vehicle at the time of the accident (*see Matter of Rice v Allstate Ins. Co.*, 32 NY2d at 11; *Matter of State Farm Auto. Ins. Co. v Antunovich*, 160 AD2d at 1010). In opposition to the motion, the plaintiffs failed to raise a triable issue of fact. Accordingly, Republic's motion for summary judgment should have been granted.

For the same reason that Republic's motion should have been granted, the plaintiffs' motion was properly denied.

Since this is, in part, a declaratory judgment action, the

matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that Republic is not obligated to provide supplementary uninsured/underinsured motorist benefits to Bosco (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Mastro, J.P., Dickerson, Austin and Roman, JJ., concur.