Progressive Advanced Ins. Co. v Talmadge (2022 NY Slip Op 03913)

Progressive Advanced Ins. Co. v Talmadge

2022 NY Slip Op 03913

Decided on June 15, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 15, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2020-00506
 (Index No. 9611/18)

[*1]Progressive Advanced Insurance Company, appellant,
v
Ryan Talmadge, respondent, et al., defendants. 

Jennifer S. Adams, Yonkers, NY (Michael A. Zarkower of counsel), for appellant.
Sobo & Sobo, LLP, Middletown, NY (Michael G. Radigan and John Del Duco of counsel), for respondent.
Burke, Scolamiero & Hurd, LLP, Albany, NY (Steven V. DeBraccio of counsel), for defendant Roy F. Holden.
Bryan R. Kaplan, Rock Hill, NY, for defendant Katielyn Shimer.

DECISION & ORDER
In an action for a declaratory judgment, the plaintiff appeals from stated portions of an order of the Supreme Court, Orange County (Robert A. Onofry, J.), dated December 5, 2019. The order, inter alia, denied that branch of the plaintiff's motion which was for summary judgment declaring that it was not obligated to provide supplementary uninsured/underinsured motorist benefits to the defendant Ryan Talmadge.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendant Ryan Talmadge allegedly was injured when he was struck by a motor vehicle owned by the defendant Roy F. Holden and operated by the defendant Katielyn Shimer. At the time of the incident, the subject vehicle was insured by the plaintiff, Progressive Advanced Insurance Company. The policy contained a supplementary uninsured/underinsured motorist (hereinafter SUM) endorsement, which provided coverage to any person who was "occupying" the insured vehicle.
The plaintiff commenced this action against Talmadge, Holden, and Shimer for declaratory relief regarding coverage arising from the accident. After joinder of issue, the plaintiff moved, inter alia, for summary judgment declaring that it was not obligated to provide SUM benefits to Talmadge, arguing that Talmadge was a pedestrian and not an occupant of the insured vehicle at the time of the subject accident. In an order dated December 5, 2019, the Supreme Court, inter alia, denied that branch of the motion, and the plaintiff appeals.
The SUM endorsement in the subject policy, consistent with the statutory requirement, defines "occupying" as "in, upon, entering into, or exiting from a motor vehicle" (see Insurance Law § 3420[f][3]). "A person remains an occupant of a vehicle, even if that person is not in physical contact with the vehicle, 'provided there has been no severance of connection with it, his [*2][or her] departure is brief and he [or she] is still vehicle-oriented with the same vehicle'" (J. Lawrence Constr. Corp. v Republic Franklin Ins. Co., 145 AD3d 761, 763, quoting Matter of Rice v Allstate Ins. Co., 32 NY2d 6, 11).
Here, even considering surveillance evidence challenged by Talmadge, the plaintiff failed to demonstrate, as a matter of law, that Talmadge was not "occupying" the vehicle within the meaning of the SUM endorsement at the time of the accident (see Matter of Utica Mut. Assur. Co. v Steward, 179 AD3d 815, 817). The evidence submitted in support of the motion demonstrated that Talmadge was in the rear passenger seat of the vehicle, then being operated by Holden, when Holden stopped the car and exited, leaving the driver's side door open and the engine running. Even assuming Talmadge exited the vehicle after Holden temporarily exited, he remained beside it, and was hit when Shimer unexpectedly entered the car and began to drive it away (see Matter of Government Empls. Ins. Co. v Nakhla, 140 AD3d 762, 764; Estate of Cepeda v United States Fid. & Guar. Co., 37 AD2d 454, 456).
The parties' remaining contentions either need not be reached in light of our determination or are not properly before this Court.
BRATHWAITE NELSON, J.P., IANNACCI, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court