Matter of American Family Mut. Ins. Co. v Johnson (2024 NY Slip Op 02134)

Matter of American Family Mut. Ins. Co. v Johnson

2024 NY Slip Op 02134

Decided on April 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 23, 2024

Before: Oing, J.P., Moulton, Mendez, Shulman, Pitt-Burke, JJ. 

Index No. 651592/23 Appeal No. 2109 Case No. 2023-04311 

[*1]In the Matter of American Family Mutual Insurance Company, Petitioner-Respondent,
v
Nigel Johnson, Respondent-Appellant.

The Law Office of Judah Z. Cohen, PLLC, Woodmere (Judah Z. Cohen of counsel), for appellant.
Claudia P. Lovas & Associates, Garden City (James C. Coyne of counsel), for respondent.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered July 21, 2023, which granted petitioner's application to stay arbitration of respondent's claim for uninsured motorist benefits, unanimously affirmed, without costs.
In support of its application, petitioner submitted a recorded statement in which respondent stated that, as he was driving home on the Henry Hudson Parkway after playing in a basketball game, the front left tire and rim came off the car. He pulled over in the left lane of the road, got out of the car, and called his coach to come "take him up." While he was standing a few feet in front of the car waiting for his coach to pick him up, a Mercedes struck the car, which in turn struck respondent, sending him flying.
The supplementary underinsured motorist (SUM) insurance provision of petitioner's policy provided coverage for an insured, a relative of the insured or a person "occupying" the car. Respondent was neither an insured nor a relative of an insured. The court properly determined that petitioner established, based on his recorded statement, that respondent was not occupying the car at the time of the accident because he had no intention of resuming his immediate trip in the car, but instead intended to continue his journey in his coach's car (see Matter of Rice v Allstate Ins. Co., 32 NY2d 6, 11 [1973]). He thus had "severed [his] connection" with the car at the time of the accident and was not "occupying" it for purposes of coverage under the SUM endorsement (id.).
Respondent waived any objection to consideration of the unsigned transcript of the recorded statement by failing to raise a timely hearsay objection (see Shinn v Catanzaro, 1 AD3d 195, 198 [1st Dept 2003]). Moreover, he affirmatively relied on the transcript in arguing that he was occupying the car and did not submit any other evidence sufficient to raise an issue of fact concerning his status.
We have considered respondent's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 23, 2024