OPINION OF THE COURT
Meyer, J.
A policy of insurance issued to a corporation does not provide uninsured motorist coverage for the son of the officers and sole shareholders of the corporation, who resides with them and who *213 was injured when struck by a hit-and-run driver while riding his bicycle. The order of the Appellate Division should, therefore, be reversed, with costs, and the order and judgment of Supreme Court, Oneida County, should be reinstated.
Buckner Associates, Inc. is a family owned real estate business. Plaintiff Robert Buckner is a college student who resides with his parents, both of whom are officers of the corporation and who together own all of its outstanding stock. Plaintiff is a college student who performs some part-time work for the corporation. At the time he was injured, however, plaintiff was riding his bicycle and was not engaged in any business of the corporation. He was struck by a hit-and-run driver.
Liberty Mutual Insurance Company issued to Buckner Associates, Inc. a business automobile policy providing liability insurance, personal injury protection, medical payments insurance and uninsured motorist insurance. Plaintiff’s application to Liberty Mutual for first-party benefits was denied on the ground that plaintiff was not within the coverage of the policy. Plaintiff then applied to the Motor Vehicle Accident Indemnification Corporation (MVAIC). Arbitration having resulted in a determination that plaintiff was either an "eligible injured person” within the meaning of the personal injury (no-fault) protection or a "qualified person” entitled to MVAIC benefits, plaintiff began a declaratory judgment action against both Liberty Mutual and MVAIC.
Special Term granted plaintiff’s motion for summary judgment against MVAIC, denied plaintiff’s motion for summary judgment against Liberty Mutual, granted Liberty Mutual’s cross motion to dismiss the complaint and MV AIC’s cross claim against it and entered judgment declaring plaintiff to be a qualified person within the meaning of Insurance Law § 5202 and entitled to benefits against MVAIC. The Appellate Division reversed and granted judgment declaring plaintiff an insured person under the Liberty Mutual policy, reasoning that the references in its uninsured motorist endorsement to "You or any family member” and other references in the policy to relatives and family created an ambiguity which required that the policy be construed against the issuing carrier. We disagree and now reverse.
Whether the policy covers plaintiff turns on a reading of the entire policy, not just a part of the uninsured motorist endorsement. Only if it can reasonably be said on a reading of the policy as a whole that the words, "Who is insured 1. You or any family member” appearing in that endorsement would be so understood *214 by the average person applying common speech (Lewis v Ocean Acc. & Guar. Corp., 224 NY 18, 21) can it be held that Liberty Mutual is obligated to cover such injuries.
Considered with respect to the uninsured motorist endorsement alone, such a construction appears unreasonable, for it defines "family member” as "a person related to you by blood, marriage or adoption who is a resident of your household,” and "it is obvious, even to a casual reader, that the insured was to be a corporation which could not possibly have personal injuries or family” (Dixon v Gunter, 636 SW2d 437, 441 [Tenn, construing an identically worded "You or any family member” policy provision]; accord, Kaysen v Federal Ins. Co., 268 NW2d 920, 923 [Minn, "quite obviously a corporation cannot suffer bodily injury, or have a 'spouse’, 'relative’, or 'household’ ”]; Pearcy v Travelers Indem. Co., 429 So 2d 1298 [Fla App]; Nicks v Hartford Ins. Group, 291 So 2d 673 [Fla App]; Fowler v United States Fid. & Guar. Co., 133 Ga App 842, 212 SE2d 486; Polzin v Phoenix of Hartford Ins. Cos., 5 Ill App 3d 84, 283 NE2d 324; General Ins. Co. v Icelandic Bldrs., 24 Wash App 656, 604 P2d 966; see, 8C Appleman, Insurance Law and Practice § 5080.65). The partnership cases relied on by MVAIC (e.g., O’Hanlon v Hartford Acc. & Indem. Co., 639 F2d 1019) are readily distinguishable, partnerships being a combination of individuals, who can suffer injuries and do have spouses, households and relatives.
Beyond that, however, the endorsement makes clear in its opening paragraph that its definitions are in addition to the words and phrases defined in the policy itself. The declarations of the policy state in Item One that, "Named insured is corporation.” In Part 1 (A), it defines "You” to mean "the person or organization shown as the named insured in item one of the declarations” (emphasis supplied), and in Part 1 (F), states that, " 'Insured’ means any person or organization qualifying as an insured in the who is insured section of the applicable insurance” (emphasis supplied). Thus, the average person could conclude that a person or an organization, but not both, was the insured, as to the basic policy could only conclude that the insured was Buckner Associates, Inc., and as to the "applicable insurance” (i.e., the uninsured motorist insurance) that because the "You” referred to in the "Who is insured” section of the endorsement was a corporation that there could be no "family member” within the definition (quoted above) of that term set forth in that endorsement. For like reasons, nothing in the New York Automobile Accident Indemnification Endorsement changes that conclu *215 sion, for its section II defines "insured” to mean "the named insured and, while residents of the same household, his spouse and the relatives of either”. Nor can it be argued that such a construction of the endorsement leaves the uninsured automobile coverage without meaning, for the same section II covers any person while occupying an automobile owned by the corporation or while being operated on behalf of the corporation (General Ins. Co. v Icelandic Bldrs., 24 Wash App, at p 660, 604 P2d, at p 968, supra).
Finally, the situation is not different if one turns to the no-fault endorsement. That defines an "eligible injured person” as "the named insured and any relative who sustains personal injury arising out of the use or operation of any motor vehicle” but defines "named insured” to mean "the person or organization named in the declarations” (emphasis supplied) and "relative” to mean "a spouse, child, or other person related to the named insured by blood, marriage or adoption”, which is the same definition contained in the uninsured motorist endorsement and which, for the reasons above set forth, would not be construed according to common speech to be applicable to a corporation.
For the foregoing reasons, the order of the Appellate Division should be reversed, with costs, and the order and judgment of Supreme Court, Oneida County, should be reinstated.
Chief Judge Wachtler and Judges Jasen, Kaye, Alexander and Titone concur; Judge Simons taking no part.
Order reversed, etc.