■ John Hancock Property and Casualty Insurance Company, Respondent, v Rosalind Warmuth et al., Appellants. [613 NYS2d 250] —In an action for a judgment declaring that the plaintiff is not obligated to defend and indemnify the defendants in a wrongful death action brought by a third party, the defendants appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated August 31, 1992, which granted the plaintiff's motion for summary judgment and made the declaration.

Ordered that the order is affirmed, with costs.

Shortly after midnight on November 27, 1986, Douglas and Raymond Warmuth became involved in an altercation with Donald Stagnari. During the course of the fight, Douglas retrieved a knife from his car and stabbed the unarmed Stagnari 40 times about the face, neck, chest, back, arms and legs, puncturing the aorta and pulmonary artery. Stagnari died from his wounds. Douglas Warmuth was convicted, upon a jury verdict, of murder in the second degree based upon circumstances evincing a depraved indifference to human life *(see,* Penal Law § 125.25 [2]), and Raymond Warmuth pleaded guilty to attempted manslaughter in the first degree. Stagnari's estate thereafter commenced a wrongful death action against the Warmuths, and the John Hancock Property and

Casualty Insurance Company (hereinafter John Hancock) commenced the instant action for a judgment declaring that it has no duty to defend and indemnify the Warmuths.

Under the homeowner's policy that it issued to the Warmuths, John Hancock agreed to provide, among other things, coverage for personal injury claims arising out of "an occurrence". This term is defined by the policy as "an accident, including exposure to conditions, which results, during the policy period, in: (a) bodily injury; or (b) property damage". Stabbing an unarmed victim 40 times and leaving him without calling for help cannot, by any stretch of the imagination, be deemed "an occurrence" within the meaning of the policy (see, e.g., Board of Educ. v Continental Ins. Co., 198 AD2d 816). Thus, the incident which led to the death of Donald Stagnari did not fall within the scope of the coverage provided by the Warmuths' homeowner's policy.

Moreover, the exclusionary clause of the policy expressly excluded coverage for bodily injury "which is expected or intended by the insured". Here, Raymond Warmuth pleaded guilty to attempted manslaughter in the first degree, an essential element of which is the intent to injure another (see, Penal Law § 125.20), thus falling squarely within the exclusionary clause of the policy (see, Matter of Nassau Ins. Co. [Bergen—Superintendent of Ins.], 78 NY2d 888). Further, Douglas Warmuth was convicted of murder in the second degree based upon circumstances evincing a depraved indifference to human life (Penal Law § 125.25 [2]). As he stabbed an unarmed victim 40 times, injury and/or death was reasonably to be expected from his actions. Thus, Douglas's actions would clearly fall within the exclusionary clause as well (see, e.g., Monter v CNA Ins. Co., 202 AD2d 405).

Finally, since the homeowner's policy does not provide coverage for the Warmuths' criminal conduct herein and since the "failure to have earlier disclaimed does not create coverage which the policy does not provide" (Sears Oil Co. v Merchants Ins. Group, 88 AD2d 753), John Hancock was not estopped from disclaiming coverage in this case (see, Pawelek v Security Mut. Ins. Co., 143 AD2d 514). Sullivan, J. P., Balletta, Joy and Friedmann, JJ., concur.