■ KIMBERLY TRUNCALI, an Infant, by Her Mother and Natural Guardian, ELAINE TRUNCALI, et al., Appellants, v FIREMAN'S FUND INSURANCE COMPANY, Respondent. [618 NYS2d 50] —In an action for a judgment declaring that the plaintiff Kimberly Truncali is covered under the underinsured motorist provision of an insurance policy issued by the defendant, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (O'Brien, J.), entered January 8, 1993, which, upon granting the defendant's "cross motion for declaratory judgment", dismissed the complaint.

Ordered that the order and judgment is modified, by adding thereto a provision declaring that Kimberly Truncali is not covered under the underinsured motorist provision of the subject insurance policy; as so modified, the order and judgment is affirmed, with costs to the defendant.

The plaintiff Kimberly Truncali was a passenger in an uninsured vehicle which collided with an insured vehicle. The insured vehicle tendered its policy limit of $10,000 to her. Thereafter, the plaintiffs demanded underinsured motorist benefits from Fireman's Fund Insurance Company (hereinafter Fireman's Fund), which had issued an automobile liability policy to a corporation owned by Truncali's father. Fireman's Fund claimed that Truncali was not covered under the underinsured motorist endorsement because she was a passenger in a vehicle which was not owned by the insured. The plaintiffs commenced the instant action for a judgment declaring that

Truncali was covered under the underinsured motorist portion of the policy. The plaintiffs argued, *inter alia,* that the policy was ambiguous and should be interpreted against the insurer. The Supreme Court dismissed the complaint, finding that the plaintiff was not covered under the underinsured motorist provision. We agree.

The policy expressly provides that the full $300,000 of "uninsured motorist coverage" (which includes both uninsured and underinsured coverage) applies to "owned autos only". Since Truncali was not in a vehicle owned by the insured at the time of the accident, she was excluded from coverage by the clear and unambiguous language of the policy *(see, Matter of Metropolitan Prop. & Liab. Ins. Co. v Feduchka,* 135 AD2d 715).

We have reviewed the plaintiffs' remaining contention and find it to be without merit.

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of the defendant rather than the dismissal of the complaint *(see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Bracken, J. P., Copertino, Joy and Altman, JJ., concur.