■ DANIEL HOGAN, Appellant, v CIGNA PROPERTY AND CASUALTY COMPANIES, Respondent. [628 NYS2d 182] —In an action, inter alia, for a judgment declaring that the plaintiff is entitled to coverage under an underinsured motorists endorsement in an insurance policy issued by the defendant, CIGNA Property and Casualty Companies, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Underwood, J.), dated April 15, 1994, which granted the cross

motion of the defendant for summary judgment dismissing the complaint, and dismissed the complaint.

Ordered that the order and judgment is modified, on the law, by adding thereto a provision declaring that Daniel Hogan is not covered under the underinsured motorist endorsement of the subject insurance policy; as so modified, the order and judgment is affirmed, with costs to the defendant.

The plaintiff, Daniel Hogan, a resident of a group home operated by Timothy Hill Children's Ranch, Inc., a not-for-profit corporation (hereinafter THCR), was riding his bicycle when he was struck by a motor vehicle owned by Cesar Alvardo. After Alvardo's automobile insurance carrier tendered the $10,000 limit of its policy, the plaintiff made a claim for underinsured motorists benefits from CIGNA Property and Casualty Companies (hereinafter CIGNA) which had issued an automobile insurance policy to THCR. When CIGNA denied the claim, the plaintiff commenced the instant action for a judgment declaring that he was covered under the underinsured motorists endorsement of the policy. The Supreme Court dismissed the complaint, finding that the plaintiff did not fall within the policy's definition of an insured and, therefore, was not covered by the policy. We agree.

The underinsured motorists endorsement of the subject policy defines an insured, in relevant part, as being "you or any family member" and defines a "family member" as being "a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child". In both instances, "you" refers to the named insured, THCR. The plaintiff essentially argues that since he was a "ward" of THCR he was, therefore, a "family member" and accordingly entitled to coverage as an insured. However, this argument is unavailing in view of the Court of Appeals holding in *Buckner v MVAIC* (66 NY2d 211) interpreting an uninsured motorists endorsement, worded almost identically to the endorsement in the policy at issue here. In *Buckner* the Court of Appeals held that a corporation cannot suffer bodily injury or have a spouse, relative, or family member.

Accordingly, the Supreme Court properly concluded that the plaintiff was not covered by the CIGNA policy issued to THCR *(see also, Truncali v Firemen's Fund Ins. Co.,* 208 AD2d 826; *Matter of Continental Ins. Co. v Velez,* 134 AD2d 348).

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of CIGNA rather than dismissal of the complaint *(see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US

74, *cert denied* 371 US 901). Bracken, J. P., Rosenblatt, Ritter and Goldstein, JJ., concur.