In the Matter of **ROYAL INSURANCE**, Appellant, v **THOMAS BENNETT**, Respondent. [642 NYS2d 125] —Order unanimously reversed on the law without costs and petition granted. Memorandum: Respondent, the sole stockholder of A Apple Plumb-

ing, Inc., and Harold Bennett, Inc., was struck by an automobile as he stood on Winspear Avenue in Buffalo. After settling with the driver of the automobile for the full amount of coverage available under her policy, respondent sought coverage under the supplementary uninsured motorists endorsement of the policy issued by petitioner to the corporations as the named insureds. Respondent served a demand for arbitration and petitioner sought a stay of arbitration on the ground that the policy issued to the corporations did not afford coverage to respondent in these circumstances.

The petition seeking a permanent stay of arbitration should have been granted. Under the uninsured motorists endorsement, an "insured" is defined as a person injured while occupying a vehicle insured under the policy. Respondent, however, was a pedestrian when he was injured. Also under that endorsement, an "insured" is defined as, "[y]ou, as the named insured and, while residents of the same household, your spouse and the relatives of either you or your spouse." That definition "would not be construed according to common speech to be applicable to a corporation" (*Buckner v MVAIC*, 66 NY2d 211, 215). Thus, the policy does not provide supplementary uninsured motorists coverage to respondent. "To hold that the policy covers officers and shareholders of the corporation, when they are not occupying corporate vehicles * * * would be to reach beyond the plain meaning of the policy" (*Matter of Continental Ins. Co. v Velez*, 134 AD2d 348, 349; *see, Buckner v MVAIC, supra; Hogan v CIGNA Prop. & Cas. Cos.*, 216 AD2d 442, *lv denied* 86 NY2d 708). (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Arbitration.) Present—Denman, P. J., Green, Fallon, Callahan and Doerr, JJ.