■ In the Matter of the Arbitration between TRAVELERS PROPERTY CASUALTY CORP., Respondent, and TODD HERSHMAN, Appellant. [732 NYS2d 3] —Order, Supreme Court, New York County (William Wetzel, J.), entered August 8, 2000, which granted the petition pursuant to CPLR article 75 to permanently stay arbitration of respondent's claim for underinsured motorist benefits, unanimously affirmed, without costs.

Even if not timely pursuant to CPLR 7503 (c), the petition was nonetheless properly entertained by Supreme Court under the "no agreement to arbitrate" exception to CPLR 7503 (c) (*see, Matter of Matarasso [Continental Cas. Co.]*, 56 NY2d 264, 267). Respondent was not a party to any arbitration agreement permitting arbitration of his claim for underinsured motorist benefits, the relevant agreement to arbitrate having been solely between petitioner Travelers and its corporate insured, Manhattan Orthopedics, P. C. The Travelers' policies at issue did not provide coverage for the underinsured motorist claims of respondent, the son of the officers and/or shareholders of Manhattan Orthopedics, P. C. who, while a pedestrian, was injured when struck by a vehicle that jumped a curb (*see, Buckner v Motor Vehicle Acc. Indem. Corp.*, 66 NY2d 211, 212-214). Concur—Rosenberger, J. P., Williams, Tom, Ellerin and Buckley, JJ.