■ In the Matter of COREGIS INSURANCE COMPANY, Respondent, v LOUIS MICELI, Appellant, and ALLSTATE INSURANCE COMPANY et al., Respondents. [744 NYS2d 677] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an underinsured motorist claim, Louis Miceli appeals from an order of the Supreme Court, Westchester County (Cowhey, J.), entered March 14, 2001, which granted the petition and permanently stayed the arbitration.

Ordered that the order is affirmed, with costs.

The Supreme Court correctly determined that Louis Miceli, a firefighter employed by the City of New Rochelle, was not covered under the insurance policy issued by the petitioner Coregis Insurance Company because, as such, he was not an insured as that term was defined within the subject policy (*see Buckner v Motor Veh. Acc. Indem. Corp.*, 66 NY2d 211; *Matter of Royal Ins. v Bennett*, 226 AD2d 1074; *Hogan v CIGNA Prop. & Cas. Cos.*, 216 AD2d 442). Moreover, because Miceli admitted that when he was struck he was directing traffic as the fire truck was being garaged, he was not occupying the subject motor vehicle within the meaning of that term as it was contained in the policy (*see Matter of Rice v Allstate Ins. Co.*, 32 NY2d 6, 11-12; *Matter of Travelers Ins. Co. v Wright*, 202 AD2d 680, 680-681; *Matter of State Farm Auto. Ins. Co. v Antunovich*, 160 AD2d 1009, 1010). Accordingly, the Supreme Court properly stayed the arbitration (*see* CPLR 7503 [b]).

In light of our determination, we need not reach the appellant's remaining contentions. Prudenti, P.J., Smith, Friedmann and Adams, JJ., concur.