■ In the Matter of ENCOMPASS INDEMNITY COMPANY, Respondent, v USAA CASUALTY INSURANCE COMPANY, Appellant, et al., Respondent. (Matter No. 1.) USAA CASUALTY INSURANCE COMPANY, Appellant, v ENCOMPASS INDEMNITY COMPANY, Respondent. (Matter No. 2.) [878 NYS2d 132]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for underinsured motorist benefits, and a related action for a judgment declaring that payment of the underinsured motorist benefits should be shared on a pro rata basis between USAA Casualty Insurance Company and Encompass Indemnity Company, USAA Casualty Insurance Company appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated October 2, 2007, as, in effect, granted the petition in matter No. 1 to permanently stay arbitration, and (2) from an order of the same court, also dated October 2, 2007, which denied its motion in matter No. 2 for summary judgment declaring that payment of the underinsured motorist benefits should be shared on a pro rata basis and granted the cross motion of Encompass Indemnity Company in matter No. 2, in effect, for summary judgment declaring that USAA Casualty Insurance Company must pay the full amount of the underinsured motorist benefits.

Ordered that the first order is reversed insofar as appealed from, on the law, the petition is denied, and the proceeding is dismissed; and it is further,

Ordered that the second order is reversed, on the law, the motion for summary judgment is granted, the cross motion for summary judgment is denied, and the matter is remitted for a judgment declaring that payment of the underinsured motorist benefits at issue must be shared on a pro rata basis between USAA Casualty Insurance Company and Encompass Indemnity Company; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The declarations page of an automobile insurance policy issued by USAA Casualty Insurance Company (hereinafter USAA), to Charles J. Reilly, Jr. (hereinafter Mr. Reilly), listed Mr. Reilly's name in a box entitled "named insured," and listed in a box entitled "operators," among others, Mr. Reilly, his wife, and Mr. Reilly's daughter, Bridget M. Reilly. The policy provided underinsured motorist coverage to "[t]he named insured . . . your spouse and the relatives of either you or your spouse."

Encompass Indemnity Company (hereinafter Encompass) had also issued an automobile liability policy to Mr. Reilly; that policy listed his name and that of his wife under the label "policyholder," and listed his name and that of his wife under

the label "driver information." That policy provided underinsured motorist coverage to "you, as the named insured . . . your spouse and relatives of either you or your spouse." Both the USAA policy and the Encompass policy provided for priority of coverage depending on whether the injured person was a "named insured" on the policy.

Bridget M. Reilly sustained injuries in a motor vehicle accident with an underinsured motorist while she was a passenger in a vehicle owned by neither of her parents, and sought underinsured motorist coverage. The sole issue on appeal is whether she is a "named insured" for purposes of the priority of coverage provision of the underinsured motorist (UIM) section found in the policies issued by both USAA and Encompass.

"[C]ourts bear the responsibility of determining the rights or obligations of parties under insurance contracts based on the specific language of the policies whose unambiguous provisions must be given their plain and ordinary meaning" (*Labate v Liberty Mut. Ins. Co.*, 45 AD3d 811, 812 [2007] [citation and internal quotation marks omitted]). Encompass argues that Bridget M. Reilly was a named insured on the USAA policy because her name appears on that policy. However, it is evident from the face of the USAA policy that there is only one named insured, Mr. Reilly. The language of the policy does not give rise to any ambiguity (*see Matter of Government Gen. Empls. Ins. Co. v Constantino*, 49 AD3d 736, 737 [2008]). Accordingly, Bridget M. Reilly was not a named insured on the USAA policy, and the priority of coverage provisions required both USAA and Encompass to contribute pro rata to Bridget Reilly's claim for underinsured motorist benefits. Therefore, Encompass should not have been granted a permanent stay of arbitration, and USAA was entitled to summary judgment declaring that payment of the underinsured motorist benefits should be shared on a pro rata basis.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Westchester County, for the entry of an appropriate judgment in accordance herewith (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Rivera, J.P., Angiolillo, Dickerson and Belen, JJ., concur.