■ NICHOLAS SIRAGUSA, Appellant, v GRANITE STATE INSURANCE Co. et al., Respondents, et al., Defendant. [886 NYS2d 432]—

In an action for a judgment declaring, inter alia, that the defendant Granite State Insurance Co. is obligated to provide supplementary uninsured/underinsured motorists benefits to

Josette Siragusa, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Battaglia, J.), dated July 9, 2008, which denied his renewed motion for summary judgment on the complaint, granted the cross motions of the defendants Granite State Insurance Co. and York Insurance Services Group, Inc., for summary judgment, in effect, declaring that the defendant Granite State Insurance Co. is not obligated to provide supplementary uninsured/underinsured motorists benefits to Josette Siragusa, and declared that Josette Siragusa was not an insured under the supplementary uninsured/underinsured motorists endorsement of the policy issued by the defendant Granite State Insurance Co. to the defendant Guild for Exceptional Children, Inc.

Ordered that the order and judgment is affirmed, with one bill of costs.

The plaintiff is the guardian of Josette Siragusa, who resides in an apartment sponsored by the defendant Guild for Exceptional Children, Inc. (hereinafter the Guild). Josette Siragusa was crossing the street when she was struck by a vehicle insured by State Farm Insurance Company. After State Farm Insurance Company tendered the policy limits, the plaintiff submitted a claim to the defendant Granite State Insurance Company (hereinafter Granite), for supplementary uninsured/underinsured motorists (hereinafter SUM) benefits under the policy that Granite issued to the Guild. Five months later, the plaintiff was notified that Granite denied the claim on the ground that Josette Siragusa was not an insured under the SUM endorsement to the policy.

"A disclaimer is unnecessary when a claim does not fall within the coverage terms of an insurance policy" (*Markevics v Liberty Mut. Ins. Co.*, 97 NY2d 646, 648 [2001] [internal quotation marks omitted]). Therefore, where a claim is denied because the claimant is not an insured under the policy, there is no statutory obligation to provide prompt notice of the disclaimer (*see Matter of Nationwide Ins. Co. v Smaller*, 271 AD2d 537 [2000]; *Matter of Fireman's Fund Ins. Co. v Freda*, 156 AD2d 364 [1989]). Accordingly, the plaintiff's argument that Granite may not assert that Josette Siragusa is not an insured under the policy because it failed to timely disclaim on that ground is without merit (*see Zappone v Home Ins. Co.*, 55 NY2d 131 [1982]).

Furthermore, the Supreme Court correctly determined that Josette Siragusa is not an insured under the following definition of "insured" in the SUM endorsement: "You, as the named insured and, while residents of the same household, your spouse

and the relatives of either you or your spouse." "You" in the definition refers to the Guild, a corporation, which cannot have a spouse or relative (*see Buckner v Motor Veh. Acc. Indem. Corp.,* 66 NY2d 211 [1985]; *Hogan v CIGNA Prop. & Cas. Cos.,* 216 AD2d 442 [1995]). Contrary to the plaintiff's contention, this interpretation of the SUM endorsement does not render the coverage meaningless, as the endorsement also includes, in the definition of an insured, any person in a vehicle insured for SUM benefits under the policy (*see Buckner v Motor Veh. Acc. Indem. Corp.,* 66 NY2d 211 [1985]). Josette Siragusa does not, however, fall within that definition of an insured either, since she was a pedestrian at the time of the accident. Skelos, J.P., Santucci, Balkin and Leventhal, JJ., concur.