■ YORK RESTORATION CORP., Respondent, v SOLTY's CONSTRUCTION, INC., Defendant, and SIRIUS AMERICA INSURANCE Co., Appellant. [914 NYS2d 178]—

In an action for a judgment declaring that the defendant Sirius America Insurance Co. is obligated to defend and indemnify the plaintiff in an underlying action entitled *Samborski v Chesapeake Owners Corp.*, pending in the Supreme Court, Kings County, under index No. 23424/05, the defendant Sirius America Insurance Co. appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated September 8, 2009, which granted the plaintiff's motion for summary judgment and denied its cross motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion for summary judgment is denied, the cross motion of the defendant Sirius America Insurance Co. for summary judgment is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendant Sirius America Insurance Co. is not obligated to defend and indemnify the plaintiff in the underlying action.

The plaintiff, York Restoration Corp. (hereinafter York), was hired to perform certain construction work at 201 East 28th Street in Manhattan. York subcontracted masonry work to the defendant Solty's Construction, Inc. (hereinafter Solty's). Solty's and York entered into a written agreement whereby Solty's

agreed to obtain commercial general liability insurance naming York as an additional insured. Solty's also agreed to indemnify and hold harmless York against all claims arising from the performance of Solty's work, including claims relating to bodily injury.

The defendant Sirius American Insurance Co. (hereinafter Sirius) issued a general liability policy to Solty's. An employee of Solty's allegedly was injured at the job site on October 29, 2004, and he commenced an action to recover damages for personal injuries against, among others, York. York was named as an additional insured on the Sirius/Solty's policy on December 6, 2004.

Sirius disclaimed coverage on the ground of late notice. York then commenced this action for a judgment declaring that Sirius was required to defend and indemnify it in the underlying personal injury action.

York moved for summary judgment and Sirius cross-moved for summary judgment. Sirius argued that because York was not an insured on the date of the accident, Sirius was not obligated to provide coverage to York. The Supreme Court granted York's motion for summary judgment and denied Sirius's cross motion.

Sirius correctly contends that York is not entitled to defense and indemnification because it was not a named insured on the date of the accident. The party claiming insurance coverage bears the burden of proving entitlement (*see National Abatement Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 33 AD3d 570 [2006]; *Tribeca Broadway Assoc. v Mount Vernon Fire Ins. Co.*, 5 AD3d 198 [2004]). A party is not entitled to coverage if it is not named as an insured or additional insured on the face of the policy as of the date of the accident for which coverage is sought (*see Essex Ins. Co. v Michael Cunningham Carpentry*, 74 AD3d 733 [2010]; *Majawalla v Utica First Ins. Co.*, 71 AD3d 958 [2010]; *National Abatement Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 33 AD3d at 571; *Tribeca Broadway Assoc. v Mount Vernon Fire Ins. Co.*, 5 AD3d at 200).

Here, York was not named as an additional insured under the policy until approximately five weeks after the underlying accident. The accident occurred on October 29, 2004, but the subsequently issued policy change endorsement, naming York as an additional insured, was not effective until December 6, 2004. Therefore, Sirius had no duty to defend and indemnify York (*see ADF Constr. Corp. v Home Insulation & Supply*, 237 AD2d 915, 916 [1997]; *Tower Ins. Co. of N.Y. v Joselyn Grocery Corp.*, 2008 NY Slip Op 31745[U] [2008]; *see also Travelers Ins. Co. v Utica Mut. Ins. Co.*, 27 AD3d 456 [2006]).

York's contention that Sirius may not assert that York is not an insured under the policy because Sirius failed to disclaim on that ground is without merit. A disclaimer pursuant to Insurance Law § 3420 (d) is unnecessary when a claim does not fall within the coverage terms of an insurance policy (*see Markevics v Liberty Mut. Ins. Co.*, 97 NY2d 646, 648 [2001]; *Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185, 188 [2000]; *Siragusa v Granite State Ins. Co.*, 65 AD3d 1216, 1217 [2009]). An insurer is not required to deny coverage where none exists (*see Hargob Realty Assoc., Inc. v Fireman's Fund Ins. Co.*, 73 AD3d 856, 858 [2010]). Therefore, when a claim is denied because the claimant is not an insured under the policy, there is no statutory obligation to provide prompt notice of the disclaimer (*see Hargob Realty Assoc., Inc. v Fireman's Fund Ins. Co.*, 73 AD3d at 858; *Siragusa v Granite State Ins. Co.*, 65 AD3d at 1217; *Matter of Nationwide Ins. Co. v Smaller*, 271 AD2d 537, 537-538 [2000]; *Matter of Fireman's Fund Ins. Co. v Freda*, 156 AD2d 364, 366 [1989]). Under the circumstances, the Sirius policy did not provide coverage to York as of the date of the accident. Requiring payment of a claim upon a failure to timely disclaim would create coverage where it never existed (*see Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d at 188).

In light of our determination, we need not reach Sirius's remaining contentions.

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment declaring that Sirius is not obligated to defend and indemnify the plaintiff in the underlying action (*see Lanza v Wagner*, 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Rivera, J.P., Dickerson, Lott and Roman, JJ., concur.