■ LYLE ROEBUCK et al., Appellants, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant, and NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Respondent. [915 NYS2d 738]—

McCarthy, J. Appeal from an order of the Supreme Court (Zwack, J.), entered January 20, 2010 in Ulster County, which granted a motion by defendant National Grange Mutual Insurance Company for summary judgment dismissing the complaint against it.

Plaintiff Lyle Roebuck (hereinafter plaintiff) is an Ulster County Deputy Sheriff. He and his wife, plaintiff Wanda Roebuck, are sole shareholders in KMR Landscape Supply Company, Inc., a New York corporation. KMR utilizes a commercial dump truck that is insured by defendant National Grange Mutual Insurance Company. While on duty as a Deputy Sheriff and driving a County-owned patrol car, plaintiff was involved in an automobile accident and suffered multiple injuries. Plaintiff recovered the full $25,000 limit of the other driver's insurance policy, then sought payment under the supplementary uninsured/underinsured motorists (hereinafter SUM) provisions of defendants' policies.[1] After National Grange disclaimed coverage, plaintiffs commenced this action. National Grange moved for summary judgment dismissing the complaint against it. Supreme Court granted the motion. Plaintiffs appeal.

Supreme Court properly granted National Grange's motion for summary judgment. Pursuant to statute, every insurance company must, at the option of the insured, provide SUM coverage as part of an insurance policy issued in New York (see Insurance Law § 3420 [f] [2] [A]). A regulation specifies the language that is required in a SUM endorsement (see 11 NYCRR 60-2.3 [c], [f]). That language provides that "[w]e, the [insurance] company, agree with you, as the named insured," to provide SUM coverage subject to certain conditions (11 NYCRR 60-2.3 [f]). The regulation and, necessarily, the SUM endorsement in National Grange's insurance policy, define the term "insured" to include, among others, "(1) you, as the named insured and, while residents of the same household, your spouse and the relatives of either you or your spouse; (2) any other person while occupying: (i) a motor vehicle insured for SUM under this policy" (11 NYCRR 60-2.3 [f] [I] [a]). Where an automobile insurance policy contains a SUM provision and is issued to an individual, that individual and others in his or her family may be afforded SUM coverage under the policy when such person is injured in any vehicle, including a vehicle owned and insured by a third party (see e.g. Matter of Encompass Indem. Co. v USAA Cas. Ins. Co., 61 AD3d 974, 975-976 [2009]). Where such a policy is issued to a corporation, however, the SUM provision does not follow any particular individual, but instead "covers any person [injured] while occupying an automobile owned by the corporation or while being operated on behalf of the corporation" (Buckner v Motor Veh. Acc. Indem.

---

1. Defendant State Farm Mutual Automobile Insurance Company insured plaintiffs' personal vehicles and the vehicles they used in another business they owned. Those policies are not at issue on this appeal.

*Corp.*, 66 NY2d 211, 215 [1985]). The policy language is not rendered ambiguous by the inclusion of words such as "you," "spouse" and "relatives" when a corporation is the named insured, because it is obvious to the average reader, construing the language according to common speech, that a corporation cannot have family members; those portions of the mandatory policy language are merely inapplicable to the corporate insured (*see id.* at 214; *Siragusa v Granite State Ins. Co.*, 65 AD3d 1216, 1217-1218 [2009]; *Matter of Royal Ins. v Bennett*, 226 AD2d 1074, 1075 [1996]).

Here, the policy confines coverage to listed automobiles. Only KMR's commercial dump truck is listed. It is undisputed that plaintiff was working as a Deputy Sheriff and was not occupying that dump truck when he was injured. Thus, he is entitled to SUM coverage only if the policy was issued to him individually, not to the corporation.

Plaintiff was originally listed as the named insured, but an amendment retroactive to the inception of the policy changed the named insured to "Lyle Roebuck dba KMR Landscape Supply Inc." National Grange explained that this change was made because state regulations require insurers to identify the insured consistent with the name listed on the vehicle's registration (*see* 15 NYCRR 32.4 [g] [6]; 32.13 [a], [b]). Considering the insurance policy as a whole—including its characterization as a business automobile policy and its limited application to only the one commercial vehicle used by KMR—along with the inclusion of plaintiff's name as an insured only in connection with the corporation and to comply with state regulations,[2] Supreme Court correctly construed the policy as having been issued to the corporation as the named insured (*see Buckner v Motor Veh. Acc. Indem. Corp.*, 66 NY2d at 213-215). Thus, the SUM provision did not cover plaintiff when he was injured in a vehicle that was not listed in the policy and while he was not conducting business on behalf of KMR (*see id.*; *Matter of Royal Ins. v Bennett*, 226 AD2d at 1075).

Cardona, P.J., Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.

---

2. The dump truck's registration lists both plaintiff and KMR. This apparently created difficulty for National Grange, because insurers are required to comply with regulations regarding named insureds in policies and identification cards. The regulations do not permit identification cards to be issued in a combination of individual and corporation names (*see* 15 NYCRR 32.4 [g] [2]; 32.13 [b]; *but cf.* 15 NYCRR 32.4 [g] [4], [5]). National Grange's policy listed a corporation as a "DBA," which is legally inaccurate, enabling National Grange to include both the individual and corporate names from the registration as the named insured.