■ In the Matter of AMERICAN ALTERNATIVE INSURANCE CORP., Respondent, v CHRISTOPHER R. PELSZYNSKI, Appellant. [926 NYS2d 640]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for supplemental underinsured motorist benefits, Christopher R. Pelszynski appeals from an order of the Supreme Court, Suffolk County (Cohen, J.), dated March 15, 2010, which granted the petitioner's motion for leave to reargue its motion to stay arbitration, which was denied by order of the same court dated January 27, 2010, and for leave to reargue its opposition to his cross motion to compel arbitration, which had been granted by the order dated January 27, 2010, and, upon reargument, vacated the order dated January 27, 2010, and thereupon granted the petitioner's motion to stay arbitration, and denied his cross motion to compel arbitration.

Ordered that the order dated March 15, 2010, is affirmed, with costs.

Christopher R. Pelszynski, a volunteer fireman for the North Babylon Volunteer Fire Company (hereinafter the Fire Company), was driving to the scene of an emergency when his car was struck by another vehicle. He settled with the owners of that vehicle for the maximum amount of bodily injury coverage allowable under their auto insurance policy. He then sought supplemental underinsured (hereinafter SUM) coverage under the Fire Company's Commercial General Liability insurance policy issued by the petitioner, American Alternative Insurance Corp. (hereinafter AAIC).

AAIC disclaimed coverage and moved to stay arbitration.

Pelszynski cross-moved to compel arbitration. The Supreme Court denied AAIC's motion and granted Pelszynski's cross motion. AAIC moved for leave to reargue its motion to stay arbitration and its opposition to Pelszynski's cross motion to compel arbitration. The Supreme Court granted the motion for leave to reargue and, upon reargument, vacated the prior order, and thereupon granted AAIC's motion and denied Pelszynski's cross motion. Pelszynski appeals.

A motion for leave to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR 2221 [d] [2]). The determination to grant leave to reargue a motion lies within the sound discretion of the court (*see Barnett v Smith*, 64 AD3d 669, 670-671 [2009]; *Long v Long*, 251 AD2d 631 [1998]; *Loland v City of New York*, 212 AD2d 674 [1995]). Here, the Supreme Court providently exercised its discretion in granting AAIC's motion for leave to reargue.

Furthermore, upon reargument, the Supreme Court correctly determined that Pelszynski is not an insured under the following definition of "insured" in the SUM endorsement: "You, as the named insured and, while residents of the same household, your spouse and the relatives of either you or your spouse." "You" in the definition refers to the Fire Company, which cannot have a spouse or relative (*see Buckner v Motor Veh. Acc. Indem. Corp.*, 66 NY2d 211, 214 [1985]; *Siragusa v Granite State Ins. Co.*, 65 AD3d 1216, 1218 [2009]; *Hogan v CIGNA Prop. & Cas. Cos.*, 216 AD2d 442, 443 [1995]). Contrary to Pelszynski's contention, this interpretation of the SUM endorsement does not render the coverage meaningless, as the endorsement also includes, in the definition of an insured, any person in a vehicle insured for SUM benefits under the policy (*see Buckner v Motor Veh. Acc. Indem. Corp.*, 66 NY2d at 214-215; *Siragusa v Granite State Ins. Co.*, 65 AD3d at 1218). Pelszynski does not, however, fall within that definition of an insured either, since his car was not insured for SUM benefits under the policy. Rivera, J.P., Eng, Roman and Miller, JJ., concur.