■ STATE FARM FIRE AND CASUALTY COMPANY, Respondent, v SEAN RAABE, Appellant, and JOSEPH ALESSI et al., Respondents, et al., Defendants. [954 NYS2d 173]—

In an action for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant Joseph Alessi in an underlying personal injury action entitled *Bisignano v Raabe*, pending in the Supreme Court, Nassau County, under index No. 17128/08, the defendant Sean Raabe appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Feinman, J.), dated August 23, 2011, as denied his motion for summary judgment declaring that the plaintiff is obligated to defend and indemnify the defendant Joseph Alessi in the underlying action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, State Farm Fire and Casualty Company, commenced this action seeking a judgment declaring that it was not obligated to defend or indemnify the defendant Joseph Alessi in an underlying personal injury action arising from an altercation between Alessi and the defendants Sean Raabe and Anthony Bisignano, Jr., that occurred in the parking lot of the defendant St. Rose of Lima Roman Catholic Church. Issue was joined by each defendant and, after discovery was completed and a note of issue was filed, Raabe moved for summary judgment declaring that State Farm is obligated to defend and indemnify Alessi in the underlying action. State Farm opposed the motion. In an order dated August 23, 2011, the Supreme Court, inter alia, denied the motion, determining that in opposition to Raabe's showing

that State Farm failed to comply with Insurance Law § 3420 (d) (2), State Farm raised triable issues of fact as to whether the underlying incident was an accident or an intentional act and, thus, whether it was a covered occurrence under the subject insurance policy. Raabe appeals. We affirm.

Raabe established his prima facie entitlement to judgment as a matter of law by submitting evidence that State Farm failed to give written notice of disclaimer to all interested parties in the underlying action pursuant to Insurance Law § 3420. In opposition, however, State Farm raised triable issues of fact.

While State Farm does not dispute that it did not provide timely written notice to all interested parties in the underlying action, it contends that it was not required to do so. "A disclaimer pursuant to Insurance Law § 3420 (d) is unnecessary when a claim does not fall within the coverage terms of an insurance policy" (*York Restoration Corp. v Solty's Constr., Inc.,* 79 AD3d 861, 863 [2010]; *see Markevics v Liberty Mut. Ins. Co.,* 97 NY2d 646, 648 [2001]; *Matter of Worcester Ins. Co. v Bettenhauser,* 95 NY2d 185, 188 [2000]; *Siragusa v Granite State Ins. Co.,* 65 AD3d 1216, 1217 [2009]). "An insurer is not required to deny coverage where none exists" (*York Restoration Corp. v Solty's Constr., Inc.,* 79 AD3d at 863; *see Hargob Realty Assoc., Inc. v Fireman's Fund Ins. Co.,* 73 AD3d 856, 858 [2010]). "Therefore, when a claim is denied because the claimant is not an insured under the policy, there is no statutory obligation to provide prompt notice of the disclaimer" (*York Restoration Corp. v Solty's Constr., Inc.,* 79 AD3d at 863; *see Hargob Realty Assoc., Inc. v Fireman's Fund Ins. Co.,* 73 AD3d at 858; *Siragusa v Granite State Ins. Co.,* 65 AD3d at 1217; *Matter of Nationwide Ins. Co. v Smaller,* 271 AD2d 537, 537-538 [2000]; *Matter of Fireman's Fund Ins. Co. v Freda,* 156 AD2d 364, 366 [1989]).

We reject Raabe's contention that the policy at issue is ambiguous. The policy issued by the plaintiff defines "occurrence" as an "accident . . . which results in . . . bodily injury" and expressly provides that it does "not apply to (a) bodily injury or property damage: (1) which is either expected or intended by an insured; or (2) which is the result of willful and malicious acts of the insured." Thus, to the extent that any injuries sustained by the plaintiff in the underlying personal injury action arose from intentional acts, the policy here affords no coverage, and compliance with the disclaimer requirement of Insurance Law § 3420 (d) was unnecessary (*see Matter of Nassau Ins. Co. [Bergen—Superintendent of Ins.],* 78 NY2d 888 [1991]; *Desir v Nationwide Mut. Fire Ins. Co.,* 50 AD3d 942

[2008]; *John Hancock Prop. & Cas. Ins. Co. v Warmuth*, 205 AD2d 587, 588 [1994]).

Here, State Farm's submissions raised a triable issue of fact as to whether the incident giving rise to the injuries fell beyond the coverage terms of its policy (*see Desir v Nationwide Mut. Fire Ins. Co.*, 50 AD3d 942 [2008]; *Allstate Ins. Co. v Schimmel*, 22 AD3d 616 [2005]; *Tangney v Burke*, 21 AD3d 367 [2005]; *Diviney v Aetna Life & Cas. Co.*, 257 AD2d 643 [1999]).

Accordingly, the Supreme Court properly denied Raabe's motion for summary judgment declaring that State Farm is obligated to defend and indemnify Alessi in the underlying action.

The parties' remaining contentions are without merit, or need not be considered in light of our determination. Mastro, J.P., Lott, Austin and Cohen, JJ., concur.