◼ JOSEPH MARKOVIC, Appellant, v J&A REALTY, LLC, et al., Respondents, et al., Defendant. [2 NYS3d 555]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (McMahon, J.), dated July 15, 2013, which granted that branch of the motion of the defendants J&A Realty, LLC, and J.A.I. Enterprises, Inc., which was for leave to reargue their motion for summary judgment dismissing the complaint insofar as asserted against them, which was denied in an order of the same court dated March 5, 2013, and, upon reargument, vacated the order dated March 5, 2013, and thereupon granted the motion.

Ordered that the order dated July 15, 2013, is affirmed, with costs.

On December 19, 2009, the plaintiff allegedly sustained personal injuries when he slipped and fell in the parking lot of a catering hall in Staten Island called The Renaissance. At the time of the accident, the defendant J&A Realty, LLC, was the owner of the premises. The defendant J.A.I. Enterprises, Inc., was the corporate name of The Renaissance.

The plaintiff commenced this action to recover damages for personal injuries, and the defendants J&A Realty, LLC, and J.A.I. Enterprises, Inc. (hereinafter together the respondents), moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court, in an order dated March 5, 2013, denied their motion. The respondents subsequently moved, pursuant to CPLR 2221, for leave to renew and reargue their motion. In an order dated July 15, 2013, the court granted that branch of the respondents' motion which was for

leave to reargue, and upon reargument, vacated the order dated March 5, 2013, and thereupon granted the respondents' motion. The plaintiff appeals and we affirm, but on grounds different from those relied upon by the Supreme Court.

"A motion for leave to reargue 'shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion' " (*Grimm v Bailey*, 105 AD3d 703, 704 [2013], quoting CPLR 2221 [d] [2]; *see Ahmed v Pannone*, 116 AD3d 802 [2014]; *Matter of American Alternative Ins. Corp. v Pelszynski*, 85 AD3d 1157, 1158 [2011]).

In support of their motion for leave to renew and reargue, the respondents submitted new evidence. However, there was no adequate excuse provided for their failure to submit this evidence on the original motion (*see Worrell v Parkway Estates, LLC*, 43 AD3d 436 [2007]; *Renna v Gullo*, 19 AD3d 472 [2005]; *Rubinstein v Goldman*, 225 AD2d 328 [1996]). The Supreme Court, therefore, erred in considering it. Nevertheless, the respondents demonstrated that the court had previously misapprehended the facts of the case and the applicable law (*see* CPLR 2221 [d]). Accordingly, the court properly granted that branch of the respondents' motion which was for leave to reargue their prior motion.

The evidence submitted on the respondents' original motion was sufficient to establish their prima facie entitlement to judgment as a matter of law. The respondents' submissions included certified climatological data, the deposition transcripts of the plaintiff and John Inserra, the chef/manager of The Renaissance, and the affidavit of Stella Inserra, an office manager of The Renaissance. These submissions demonstrated that a storm was in progress before the plaintiff's accident, and that the storm had, at most, experienced a lull when the plaintiff's accident occurred, as snow continued to fall well after the accident and into the morning of December 20, 2009. Furthermore, the deposition transcripts of John Inserra and the plaintiff demonstrated that the snow removal efforts of the employees of The Renaissance did not create the condition which caused the plaintiff to slip and fall.

In opposition to the respondents' prima facie showing, the plaintiff failed to raise a triable issue of fact as to whether the storm in progress rule applied in this case, or as to whether the respondents created the condition upon which the plaintiff slipped and fell.

Accordingly, upon reargument, the Supreme Court properly

vacated its prior order denying the respondents' motion for summary judgment dismissing the complaint insofar as asserted against them, and thereupon properly granted the respondents' motion. Skelos, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.