# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**920**
**CA 14-02294**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, PERADOTTO, AND CARNI, JJ.

IN THE MATTER OF PROGRESSIVE CASUALTY
INSURANCE CO., PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JEFFREY BEARDSLEY, RESPONDENT,
AND MERCHANTS MUTUAL INSURANCE CO.,
RESPONDENT-APPELLANT.

HISCOCK & BARCLAY, LLP, ROCHESTER (JOSEPH A. WILSON OF COUNSEL), FOR
RESPONDENT-APPELLANT.

LAW OFFICE OF KEITH D. MILLER, LIVERPOOL (KEITH D. MILLER OF COUNSEL),
FOR PETITIONER-RESPONDENT.

-------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Oswego County (Norman
W. Seiter, Jr., J.), entered June 24, 2014 in a proceeding pursuant to
CPLR article 75.  The order, among other things, determined that
respondent Merchants Mutual Insurance Co., and petitioner Progressive
Casualty Insurance Co., are coinsurers for purposes of the SUM claims
of respondent Jeffrey Beardsley.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by vacating the second ordering
paragraph and as modified the order is affirmed without costs in
accordance with the following memorandum:  Jeffrey Beardsley
(respondent) sustained injuries when he was struck by a vehicle while
walking across a parking lot, and he subsequently recovered the full
$25,000 policy limit from the insurer of that vehicle.  Respondent
thereafter submitted a claim for supplemental uninsured/underinsured
motorist (SUM) benefits pursuant to a personal automobile policy
issued by petitioner, Progressive Casualty Insurance Co.
(Progressive), to his father, Jeffrey F. Beardsley (Beardsley), which
listed respondent as an insured driver and household resident.
Respondent also submitted a claim for SUM benefits under a commercial
automobile policy issued by respondent Merchants Mutual Insurance Co.
(Merchants) with respect to certain vehicles associated with
Beardsley's excavation business.  Merchants disclaimed coverage on the
ground that Beardsley was "insured as a corporation," and the SUM
coverage provided in its policy did not extend to respondent inasmuch
as he was not a member of Beardsley's excavation business and was not
occupying an insured vehicle at the time of the incident.  Respondent
thereafter demanded arbitration with respect to his claims for SUM
coverage under each policy.  Progressive commenced this proceeding

pursuant to CPLR article 75 seeking a temporary stay of arbitration pending the completion of discovery.  In addition, Progressive sought an order determining that Merchants is a coinsurer for purposes of respondent's SUM claims and that any SUM award be paid in proportion to each insurer's policy limit.  In its answer, Merchants asserted, inter alia, a "counterclaim and crossclaim" alleging that its policy was issued to Beardsley "as a 'corporation' engaged in excavation operations," and that respondent did not qualify as an insured because a policy issued to a corporation does not provide SUM coverage for family members of its officers or shareholders.  Merchants thus sought a permanent stay of arbitration.  In reply, Progressive asserted that the named insured on Merchants' policy was Beardsley as an individual, and that there was no indication that Beardsley was a corporation.  Supreme Court granted Progressive's petition for a temporary stay of arbitration, and the court determined that Progressive and Merchants were coinsurers for purposes of respondent's SUM claims and that any award would be payable on a pro rata basis according to the insurer's policy limits.  Merchants appeals.

"Where an automobile insurance policy contains a SUM provision and is issued to an individual, that individual and others in his or her family may be afforded SUM coverage under the policy when such person is injured in any vehicle, including a vehicle owned and insured by a third party" (*Roebuck v State Farm Mut. Auto. Ins. Co.*, 80 AD3d 1126, 1127).  "Where such a policy is issued to a corporation, however, the SUM provision does not follow any particular individual, but instead 'covers any person [injured] while occupying an automobile owned by the corporation or while being operated on behalf of the corporation' " (*id.*, quoting *Buckner v Motor Veh. Acc. Indem. Corp.*, 66 NY2d 211, 215).  Here, the declarations page of Merchants' commercial automobile policy states that the policy was issued to "Jeffrey F Beardsly [sic]" as the named insured, but the term "corporation" is listed on the "form of business" line.  Inasmuch as the insurers do not contend that the Merchants' policy is ambiguous but, rather, they dispute whether it was issued to an individual or a corporation, and the record does not establish whether "Jeffrey F Beardsly [sic]" is a corporation (*cf. Buckner*, 66 NY2d at 212-213; *Roebuck*, 80 AD3d at 1127-1128), we conclude under the circumstances of this case that a temporary stay of arbitration is warranted for the further reason that additional discovery is needed to determine whether the Merchants' policy was issued to an individual or a corporation (*see generally Matter of AIG Claims Servs., Inc. v Bobak*, 39 AD3d 1178, 1179).  We therefore modify the order accordingly.

Entered:  November 20, 2015                    Frances E. Cafarell
                                               Clerk of the Court