Matter of United Fin. Cas. Co. v Tekel (2020 NY Slip Op 03919)





Matter of United Fin. Cas. Co. v Tekel


2020 NY Slip Op 03919


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2019-10964
 (Index No. 36523/18)

[*1]Matter of United Financial Casualty Company, appellant, 
v
Alan Tekel, respondent.


Jennifer S. Adams, Yonkers, NY (Michael A. Zarkower of counsel), for appellant.
Niemark & Niemark LLP, New City, NY (Ira H. Lapp of counsel), for respondent.
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for supplementary underinsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Rockland County (Rolf M. Thorsen, J.), dated September 4, 2019. The order



DECISION & ORDER
granted Alan Tekel's motion for leave to reargue his opposition to that branch of the petition which was to permanently stay arbitration, which had been granted in a prior order of the same court dated March 29, 2019, and, upon reargument, vacated the prior order dated March 29, 2019, and thereupon denied that branch of the petition.
ORDERED that the order dated September 4, 2019, is affirmed, with costs.
Alan Tekel sustained injuries when, as a pedestrian, he was struck by a vehicle. After settling with the tortfeasor driver for the full limit of the driver's insurance policy, Tekel submitted a claim for supplementary underinsured motorist (hereinafter SUM) benefits pursuant to a commercial automobile insurance policy issued by Progressive Casualty Insurance Company (hereinafter Progressive) to Air Repair, LLC (hereinafter the LLC), of which Tekel was the sole member. Progressive denied coverage on the ground that Tekel did not meet the definition of an insured under the SUM endorsement, as he was not the named insured on the policy and, at the time of the accident, was not occupying a motor vehicle insured for SUM under the policy. Following Terkel's demand for arbitration, the petitioner, the underwriter of the policy, commenced this proceeding pursuant to CPLR article 75 seeking, inter alia, a permanent stay of arbitration. In an order dated March 29, 2019, the Supreme Court granted that branch of the petition which was to permanently stay arbitration, finding that the policy was issued to the LLC as the named insured and, as such, did not follow any particular individual. Thereafter, Tekel moved for leave to reargue. By order dated September 4, 2019, the court granted Tekel's motion for leave to reargue, and, upon reargument, vacated the order dated March 29, 2019, and thereupon denied that branch of the petition which was to permanently stay arbitration. The petitioner appeals. We affirm.
" Where an automobile insurance policy contains a SUM provision and is issued to an individual, that individual and others in his or her family may be afforded SUM coverage under the policy when such person is injured in any vehicle, including a vehicle owned and insured by a third party'" (Matter of Progressive Cas. Ins. Co. v Beardsley, 133 AD3d 1273, 1275, quoting Roebuck v State Farm Mut. Auto. Ins. Co., 80 AD3d 1126, 1127). "Where such a policy is issued to a corporation, however, the SUM provision does not follow any particular individual, but instead covers any person [injured] while occupying an automobile owned by the corporation or while being operated on behalf of the corporation" (Matter of Progressive Cas. Ins. Co. v Beardsley, 133 AD3d [*2]at 1275 [internal quotation marks omitted]; see Buckner v Motor Veh. Acc. Indem. Corp., 66 NY2d 211, 215; Roebuck v State Farm Mut. Auto. Ins. Co., 80 AD3d at 1127). On the other hand, instances where the policy is issued to a partnership "are readily distinguishable, partnerships being a combination of individuals, who can suffer injuries and do have spouses, households and relatives" (Buckner v Motor Veh. Acc. Indem. Corp., 66 NY2d at 214; see Partnership Law § 10[1]). Here, the policy was issued to a limited liability company, which is more akin to a partnership than a corporation (see Morette v Kemper, Unitrin Auto & Home Ins. Co., Inc., 35 Misc 3d 200, 208 [Sup Ct, Essex County]).
Considering the entire policy (see Buckner v Motor Veh. Acc. Indem. Corp., 66 NY2d at 213), we agree with the Supreme Court's determination to grant Tekel's motion for leave to reargue and, upon reargument, that the definition of the term "insured" must be resolved in Tekel's favor. The SUM endorsement defines the term "insured" to mean "you, as the named insured and, while residents of the same household, your spouse and the relatives of either you or your spouse" (see 11 NYCRR 60-2.3). Although the declarations page identifies the LLC as the named insured, it also states that supplemental spousal liability insurance coverage (see 11 NYCRR 60-1.6; Insurance Law § 3420[g]), "will be included within your bodily injury liability coverage at no additional premium charge." Also, both the uninsured motorist endorsement and SUM endorsement contain a provision for survivor rights coverage.
Accordingly, a permanent stay of arbitration was not warranted (see Limited Liability Company Law § 102[m], [q], [w]; Buckner v Motor Veh. Acc. Indem. Corp., 66 NY2d at 214; Morette v Kemper, Unitrin Auto & Home Ins. Co., Inc., 35 Misc 3d at 208; O'Hanlon v Hartford Acc. & Indem. Co., 639 F2d 1019, 1025 [3d Cir]; cf. Roebuck v State Farm Mut. Auto. Ins. Co., 80 AD3d at 1127; Matter of Royal Ins. v Bennett, 226 AD2d 1074,1074-1075).
SCHEINKMAN, P.J., COHEN, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court