Matter of New York Schs. Ins. Reciprocal (Kalbfliesh) (2020 NY Slip Op 04650)





Matter of New York Schs. Ins. Reciprocal (Kalbfliesh)


2020 NY Slip Op 04650


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, TROUTMAN, AND DEJOSEPH, JJ.


274 CA 19-00260

[*1]NEW YORK SCHOOLS INSURANCE RECIPROCAL, PETITIONER-APPELLANT, AND DEBORAH KALBFLIESH, RESPONDENT-RESPONDENT.






HURWITZ & FINE, P.C., BUFFALO (STEVEN E. PEIPER OF COUNSEL), FOR PETITIONER-APPELLANT.
CAMPBELL & ASSOCIATES, EDEN (JOHN T. RYAN OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Emilio L. Colaiacovo, J.), entered February 4, 2019. The order, among other things, denied the petition insofar as it sought a permanent stay of arbitration. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent, while working as a student monitor/aide, sustained injuries when the van in which she was riding was struck by another motor vehicle. The van in which respondent was riding was operated on behalf of respondent's employer by a separate entity, which owned the van. Respondent's employer had hired that entity to provide transportation in connection with educational activities involving respondent and the students she monitored. Following the accident, respondent recovered the full policy limit of $100,000 from the insurer of the vehicle that collided with the van. She thereafter submitted a claim for supplemental uninsured/underinsured motorist (SUM) benefits pursuant to a commercial automobile policy issued to respondent's employer by petitioner, New York Schools Insurance Reciprocal (NYSIR). NYSIR disclaimed coverage on the ground that the van was not insured for SUM coverage inasmuch as it was not owned by respondent's employer, and respondent did not otherwise qualify as an insured under the policy's SUM endorsement. Respondent then demanded arbitration with respect to her claims for SUM coverage. NYSIR commenced this proceeding pursuant to CPLR article 75 seeking, inter alia, a permanent stay of arbitration. Supreme Court, inter alia, denied NYSIR's petition insofar as it sought a permanent stay of arbitration. NYSIR appeals, and we affirm.
Where, as here, "an automobile insurance policy contains a SUM provision and . . . is issued to a corporation, . . . the SUM provision does not follow any particular individual, but instead covers any person [injured] while occupying an automobile owned by the corporation or while being operated on behalf of the corporation" (Matter of Progressive Cas. Ins. Co. v Beardsley, 133 AD3d 1273, 1275 [4th Dept 2015] [internal quotation marks omitted]; see Buckner v Motor Veh. Acc. Indem. Corp., 66 NY2d 211, 215 [1985]). Contrary to NYSIR's contention, the court properly denied its request for a permanent stay inasmuch as respondent was occupying a motor vehicle that was being operated on behalf of its insured, respondent's employer (cf. Roebuck v State Farm Mut. Auto. Ins. Co., 80 AD3d 1126, 1128 [3d Dept 2011]).
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court